COLES COUNTY, Plaintiff in Error, *v.* FRANCIS A. ALLISON, Defendant in Error.

ERROR TO COLES.

The day indicated by the act incorporating the town of Mattoon, for the first election of officers, being directory only, an omission to elect on that day was not fatal.

Officers elected on the proper day, refusing to qualify, became officers *de facto*, and their acts are valid as to third persons, and can only be inquired into directly, not collaterally.

THIS suit was brought against defendant, Allison, for a failure to perform road labor which he was bound to perform to the county, unless he was within the corporate limits of the town of Mattoon.

It was agreed by the parties that Allison, at the time, resided on the north half of section 23, town 12 north, range 7 east, in said county, which is outside of the limits of the old corporation, and that he was liable in this suit, unless exempted by an act of the legislature, approved 22nd February, 1859, to incorporate the town of Mattoon, which was pleaded in bar to the suit. It was further agreed between the parties, that the inhabitants of said town had been and were, at the date of the above act, a body politic and corporate, including a given territory, but outside of which defendant, Allison, resided.

It was also agreed that an election was holden on the first Monday of April, 1859, in pursuance of article 4th of sec. 1st, of the above entitled act, but owing to some error, real or supposed, in said election, all of said persons so elected refused to qualify. Whereupon another election was holden two weeks thereafter, at which subsequent election, all those elected at the former election, except Newton W. Chapman, were again elected, and that Rufus W. Houghton was elected in his place, and thereupon the persons so elected at the said second election qualified, and have ever since exercised the functions of their office. Allison claims that that election and qualification under the new act was valid, and exempts him from road labor outside of the corporation. Plaintiff contends that pretended election and qualification were not in pursuance of law, and therefore invalid.

O. B. FICKLIN, for Plaintiff in Error.

J. SCHOLFIELD, for Defendant in Error.

BREESE, J. The day indicated by the legislature as the day on which the election of town officers should be held, was not of the essence of the incorporation of the town of Mattoon, and if the day, by some means free from design or fraud, was passed by, the power to elect on a subsequent day was not taken away. It must be considered as directory only. 2 Kent's Com. 295, and the cases cited in note.

But it appears the election was held on the day indicated, and the parties elected failed to qualify. An election at a subsequent day, under such circumstances, cannot be questioned. The trustees they elected were, at any rate, officers *de facto*, and their acts are valid as respects the rights of third persons, who have an interest in them, and as concerns the public. *The People* v. *Collins*, 7 Johns. 549; *People* v. *Runkel*, 9 ib. 147.

There being, then, a corporation in fact, the regularity of its organization cannot be inquired into, in this collateral manner.

Its officers cannot be ousted except by a proceeding directly aimed at its organization. *People* v. *Watkins*, 19 Ill. R. 120; *Hoes* v. *VanAlstine et al.*, 20 ib. 200.

This case is plainly distinguishable from the case cited by appellant's counsel—*Haynes* v. *The County of Washington*, 19 Ill. R. 66. In that case we held that, until an organization by election and qualification of the number of persons, being the several integral parts of the corporation, and forming the political body provided for in the law, there could be in being no municipal corporation or government. In this case, all designated in the act of incorporation, were elected, and there was therefore a corporation *de facto*.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*