## STATE OF ILLINOIS

### *v.*

## MICHAEL L. SULLIVAN, impleaded, etc.

1. SUBSCRIPTIONS — *made to pay bounties to volunteers — when will be refunded by imposition of a tax.* Where, under an act of the legislature authorizing the levy of a tax to pay bounties to volunteers, a fund was raised for such purpose, by subscription, on the faith, that the money thus advanced would be refunded by the levy of the authorized tax, and by means of such subscription the requisite number of volunteers were obtained, and such tax was subsequently voted, — *held*, that by this law an implied power was given to levy and collect a tax to refund money advanced by individuals after the passage of the act, on the faith of the expected tax, and which was used for the very purpose contemplated as the object of such tax.

2. FORMER DECISIONS — The case of *Drake* v. *Phillips*, 40 Ill. 388, explained; also, the cases of *Briscoe* v. *Allison* and *Misner* v. *Ballard*, decided at the January and April Terms, 1867, commented upon.

3. TAXES — *concerning review of assessment — majority of board of revisors sufficient.* Where the assessor and town clerk met, and duly organized the board for the purpose of reviewing the assessments, and no person appeared before them to object, their action is valid. The law expressly authorizes a majority of the board to reduce an assessment.

4. SAME — *right of objection — when not exercised — when will not invalidate proceedings.* And even if a person would have the right to appear before them and object to final action without the presence of the supervisor, yet the entire collection of taxes cannot be arrested, because of the absence of this member, it appearing, that the other two members met and duly organized and no one appeared to complain of the assessment.

WRIT OF ERROR to the Circuit Court of Livingston county; the Hon. CHARLES R. STARR, Judge, presiding.

This was an application made at the May Term, 1866, of the County Court of Livingston county for judgment against the delinquent lands of said county for the taxes of 1865, and afterward removed to the Circuit Court of said county, where the cause was tried by the court, without a jury, on motion for a judgment against the lands for the taxes due thereon, which motion the court denied, and judgment was entered and execution awarded against the plaintiff in error, to reverse

which judgment the case is brought to this court by writ of error.  The further facts in this case are fully stated in the opinion.

Mr. CHARLES J. BEATTIE, for the plaintiff in error.

Messrs. HARDING & FOSDICK, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an application for judgment against certain lands for taxes.  The application was denied in the Circuit Court.

The legislature passed a law, which took effect February 2, 1865, authorizing certain counties therein named, and including the county of Livingston, whence this suit comes, to levy a tax to pay bounties to volunteers for the army of the United States. Subsequent to the passage of the law, and about the last of February or first of March, 1865, a public meeting was called in the town of Sullivan, and a subscription paper circulated for the purpose of raising, immediately, a fund sufficient to procure the requisite number of volunteers, to save the town from the impending draft.  These subscriptions were made with the expectation that the money thus advanced would be refunded by the imposition of a tax; and, at the same meeting a notice was given, as required by the act, of another meeting to vote for or against the bounty tax.  A committee was appointed at the first meeting to secure the volunteers with the money thus subscribed, and this was accomplished.  At a subsequent meeting, the bounty tax was duly voted.

It is now objected, that, although, under the law, a tax might have been collected for the purpose of paying bounties to volunteers thereafter enlisting, there was no power to levy and collect a tax to refund money already advanced by individuals for the same purpose.  To have given the law this construction would, probably, have defeated its object.  The draft was at hand, and it is a just inference from this record, that it could not have been averted if the town had been obliged to wait the imposition and collection of a tax.  The town, in voting the tax, simply recognized its moral obligation to refund money which had been

advanced by individuals for the general good after the passage of this law, and on the faith that the town would vote the tax. No question is made about the legality of the vote, and it cannot be denied that its object was within the spirit of the enabling act. When municipalities voluntarily and fairly impose upon themselves a tax, falling within the scope and spirit of a legislative grant of power, and for the purpose of refunding money that has been received and expended for the public benefit, we are not willing to deny such power of self-taxation, on the ground, that it is not within the strictest letter of the statute.

We have already made several decisions upon this subject. In *Drake* v. *Phillips*, decided at the April Term, 1866 (40 Ill. 388), we held that a tax could not be collected to refund moneys advanced by individuals to procure volunteers, by virtue merely of the taxing power granted in the general township laws. But, if the act of the legislature we are now considering was applicable to that case, it was not brought to our notice. Being a private act, it probably was not within the knowledge of counsel, as it was not within that of the court. In the case of *Briscoe* v. *Allison*, decided at the January Term, 1867 (*ante*, p. 291), where an act of the legislature had authorized certain counties to issue county orders to persons enlisting in the army, and the county issued orders on its treasury to certain persons who had enlisted after the passage of the law, but prior to the passage of the resolution authorizing the orders to be issued, it was held, a tax might be collected to pay all orders issued to persons enlisting after the passage of the act, though not to persons enlisting before its enactment. In the case of *Misner* v. *Ballard*, decided at the present term (*post*), we hold, a tax may be levied to refund private subscriptions of this character, but that case comes from a county to which a different law was applicable from the act now before us. In that case the power was expressly given, and in this we think it was given by implication so far as relates to money subscribed after the passage of the law, on the faith of the expected tax, and used for the very purpose contemplated by the law as the object of the tax.

It is also objected, that the supervisor did not meet with the assessor and town clerk to revise the assessments. It appears by the town records, that the assessor and clerk met and no person appeared to object. We are of opinion, that two of these officers could meet and organize the board, and that their united action would be valid. The law expressly authorizes a majority of the board to reduce an assessment. Even if a person appearing before them to complain of the assessment would have the right to object to final action without the presence of the third member of the board, yet we are not willing to hold, that the entire collection of taxes must be arrested because all the three officers were not present, if it appears that two of them have met and duly organized, and no person has appeared to complain of the assessment.

It is also objected, that the assessor was not properly sworn into office. Counsel do not point out in their brief the alleged defect in his oath, and we discern none. The record shows he was duly sworn before a justice of the peace.

We hold the objections to the assessment not well taken, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*