THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.*

JACKSON B. YOUNG,

*v.*

THE TRUSTEES OF THE TOWN OF FAIRBURY.

1. OF ANNUAL ELECTIONS—*in towns incorporated under the general law.* Under the general law for the incorporation of towns, it is made the duty of the president and board of trustees to give at least ten days notice, before the expiration of their term of office, of the time and place for the election of their successors in office, and if they shall neglect to give such notice before the expiration of their term of office, they may lawfully do so at a subsequent time, as they exercise the functions of their office until their successors are elected.

2. SAME—*of the general rule in that regard.* Where the members of a corporation are directed to be annually elected, the words are only directory, and do not take away the power incident to the corporation to elect afterwards, when the annual day has, by some means, free from design or fraud, been passed by.

3. SAME—*of the power of calling an election for trustees of a town, incorporated under the general law.* Under the general law for the incorporation of towns, the people elect the trustees of the town, as such, and the trustees themselves elect one of their number as president, yet in giving notice for such election it is proper that the purpose designated should be, to elect a board of "president and trustees," according to the express language of the 8th section of that law.

4. MANDAMUS—*when awarded.* Where the president and board of trustees of a town incorporated under the general law, have neglected to give the requisite notice for holding the annual election for the new board, within the year for which they were elected, as prescribed by law, and refuse afterwards to give notice and call a meeting of the qualified voters of such town, for the election of their successors in office, a mandamus will be awarded, compelling them to do so.

This was a petition for a mandamus.

The facts are presented in the opinion of the court.

Mr. JACKSON B. YOUNG, *pro se.*

Messrs. JOHNSON & HOPKINS, for the respondents.

PER CURIAM: This is an application to this court, in the name of The People, on the relation of Jackson B. Young, for a writ of mandamus, to compel the President and Trustees of the town of Fairbury, in Livingston county, to give notice to the qualified voters to meet at some proper place and elect a new board of president and trustees for such town.

It appears that the town of Fairbury became incorporated under the general law of this State, on the 15th day of August, 1864, and on that day the qualified voters of the town elected a board of trustees, who chose out of their own body a president; and that annually thereafter a new board of president and trustees were duly elected and qualified, until the year 1869, when no election was held, and the old board, elected on the 15th of August, 1868, continue to hold and exercise the functions of their office. This board having omitted to give notice within the year for which they had been elected, as was their duty, or afterwards, to the qualified voters of the town, to meet and elect a new board, the citizens of the town, in a mass meeting held on the 16th of August, 1869, took the subject under consideration and adopted the following resolution:

" That believing, as we do, that an election for trustees of the town of Fairbury may be lawfully held at any time, after the usual notice has been given, we demand of the said board of trustees that they proceed to give due notice and hold the annual village election."

It is alleged in the alternative writ, that a committee, consisting of the relator and two other citizens, appointed by the mass meeting, presented this resolution to the trustees, at a regular

business meeting of the board, when all the trustees were present and heard the resolution read. This was a sufficient demand upon the trustees to give the necessary notice for an election, and the action of the committee of citizens, in that regard, is not denied in the return.

The reason assigned by the trustees for omitting to give a proper notice for an election before the expiration of their time, as is made their duty in the law under which the town became incorporated, is, that at the time of their election there was an ordinance of said town, and which is still in force, passed by some of their predecessors in office, fixing the time for holding the annual elections for trustees on the 15th day of August in each year; that shortly before it became time to give the notice for the annual election of 1869, they first discovered that the 15th day of August of that year would fall on a Sunday, and that being at a loss as to what their duty was in such case, they took advice as to holding the election on that day, and were advised that an election held on Sunday would be illegal and void. They further say, that during their investigation it became too late to give the required ten days notice of an election to be held on any day within their year in office, and being of opinion that they had no lawful right to call an election to be subsequently holden, they called none.

The law which prescribes the duty of the trustees on this subject, provides that the president and trustees shall continue in office for one year, and until their successors shall be elected and qualified; " and it shall be their duty, before their time expires, to give at least ten days public notice to the qualified voters," " to meet at such place as they may name, in such town, and elect a new board of president and trustees for such town." Gross' Stat. 2d ed. p. 98, sec. 8.

We can not concur in the construction sought to be given to this language of the statute, by the counsel for the respondents, that the president and trustees have no power, after the expiration of the year for which they were elected, to give

152     THE PEOPLE *ex rel. v.* TOWN OF FAIRBURY. [Sept. T.,

Opinion of the Court.

notice to the voters of the town to meet and elect a new board. The old board are still in office, and may exercise all the powers and should perform all the duties properly belonging to them in their official capacity; and one of those powers and duties is, to give notice for the election of their successors. This notice need not, necessarily, be given within the year for which they were elected; " the sounder and better doctrine" is, as laid down by Chancellor KENT, " that where the members of a corporation are directed to be annually elected, the words are only directory, and do not take away the power incident to the corporation to elect afterwards, when the annual day has, by some means, free from design or fraud, been passed by." 2 Kent's Com. 295. This doctrine was recognized and applied by this court in the case of *Coles County* v. *Allison*, 23 Ill. 437.

The law requires annual elections, and when it was discovered the day fixed by ordinance fell on Sunday, the board should have fixed a new day, and given the proper notice " before their time expired ;" but the annual day having, " by some means, free from design or fraud, been passed by," it was clearly within their power afterwards to call the election ; and having the power, it was as much their duty to do so after as before the expiration of the year, and a duty which they may be compelled to perform. Any other construction of the law would enable these officers to keep themselves perpetually in power.

There is no force in the objection that the relator asks that an election be called for an unlawful purpose, to-wit: to elect " a new board of president and trustees." That is the precise language of the statute, which provides, in the 8th section, that the board shall give notice to the voters of the town to meet " and elect a new board of president and trustees for such town." The electors of course will not designate which of the trustees shall be the president of the board, but will vote for all as trustees, and when elected they will determine who of their number shall be the president.

A peremptory writ of mandamus will issue, requiring the respondents to call the election after notice as required by law.

*Mandamus awarded.*