## MICHAEL L. SULLIVAN

*v.*

## THE STATE OF ILLINOIS.

1.  BOUNTY TO VOLUNTEERS—*taxation to refund private subscriptions for.*
Under the act of February 2, 1865, authorizing the levy of a tax to pay
bounties to volunteers, etc., an implied power was given to levy and col-
lect a tax to refund money advanced by individuals, after the passage of
the act, on the faith of the expected tax.

2.  EVIDENCE—*certificates, etc., filed in town clerk's office not required by
law, not admissible.*  On application for judgment for delinquent taxes,
levied for the purpose of reimbursing moneys advanced to procure volun-
teers into the military service of the United States, the certificate of the
provost marshal and the report of a committee on the subject, filed in the
town clerk's office, were offered in evidence, and rejected by the court:
*Held,* that, as there was no law authorizing the filing of such papers, they
were properly rejected, they not being the best evidence of the facts.

3.  TAXATION—*assessor not properly sworn.*  The fact that an assessor
was not sworn by a proper officer, will afford no ground for refusing judg-
ment for the collection of the delinquent taxes.

4.  OFFICER DE FACTO—*acts of, good when questioned collaterally.*  The
acts of officers *de facto* are as valid and effectual, where they concern the
public or the rights of third persons, as though they were officers *de jure.*
Their title to the office can not be inquired into collaterally.

APPEAL from the Circuit Court of Livingston county; the
Hon. CHARLES K. STARR, Judge, presiding.

Mr. A. E. HARDING, and Messrs. FOSDICK & WALLACE,
for the appellant.

Mr. CHARLES J. BEATTIE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an application for judgment against certain lands
for taxes.

The tax in question was levied under the act of February
2, 1865, authorizing the levy of a tax "to pay bounties to
volunteers, substitutes and drafted men, who may hereafter

enlist or be drafted into the army of the United States." The tax was levied for the purpose of refunding private subscriptions raised to pay bounties to volunteers.

It was held in this same case (*State of Illinois* v. *Sullivan,* 43 Ill. 412) that, by this law, an implied power was given to levy and collect a tax to refund money advanced by individuals after the passage of the act, on the faith of the expected tax.

The money here, no doubt, was advanced on the faith of the expected tax; but the objection is made that it was advanced before, not after, the passage of the act.

The certificate of Keys, provost marshal, and the report of the committee, Stone and Griffin, were properly rejected by the court as incompetent evidence. The papers, although found among the files of the town clerk's office, were not such papers as are authorized by law to be filed, and were not proper files of the office. They were not the best evidence of the matters sought to be proved, and were but unsworn statements.

From an examination of the testimony adduced before the court, we can not say that it so clearly appears that the moneys were advanced to the volunteers before the passage of said act as to call upon us to disturb the finding of the court upon that point.

Another objection made is, that Taylor, the assessor of the taxes, was sworn before a town clerk, instead of before a justice of the peace, as he should have been.

The statute prescribes that every town assessor, before he enters upon the duties of his office, shall take and subscribe an oath, etc. The principle is well settled that the acts of officers *de facto* are as valid and effectual, when they concern the public or the rights of third persons, as though they were officers *de jure.* Their title to the office can not be inquired into collaterally. *Pritchett* v. *People,* 1 Gilm. 525; *Coles County* v. *Allison,* 23 Ill. 437; *The People* v. *Collins,* 7 Johns. 549;

*Wilcox* v. *Smith*, 5 Wend. 231; *Bucknam* v. *Ruggles*, 15 Mass. 180.

The court should not refuse judgment, even if Taylor was not sworn by the proper officer. On application for such a judgment, we will only look to see that there was an officer *de facto* who assessed.

The judgment of the court below must be affirmed.

*Judgment affirmed.*