## LOUISA SHARP

### *v.*

## AMOS THOMPSON.

*Filed at Mt. Vernon June 21, 1881—Rehearing denied November Term, 1881.*

1. OFFICERS DE FACTO—*how far their acts are binding.* The acts of officers *de facto* are as valid and effectual, where they concern the public or the rights of third persons, as though they were officers *de jure.*

2. SAME—*as to deputy clerks acting under a verbal appointment, and without oath—taking acknowledgments of deeds.* The sufficiency of the acknowledgment of a deed was questioned on the ground that the deputy clerk who took the acknowledgment had not been legally appointed. The law required deputy clerks to take an oath for the faithful discharge of the duties of their offices. It appeared that in this instance the deputy was only verbally appointed as such, that he was never sworn into office, nor executed any bond as deputy; but that he was acting as such deputy, and had taken other acknowledgments in the same manner. It was *held*, the deputy was at least an officer *de facto*, and his act in taking the acknowledgment was valid.

Syllabus.

3. DESCRIPTION *of land in a deed—of two inconsistent descriptions— which shall prevail.* It is a rule of construction that where there is a doubt as to the construction of a deed, it shall be taken most favorably for the grantee. If there are two descriptions in a deed of the land conveyed, and they do not coincide, the grantee is at liberty to elect that which is most favorable to him.

4. A mortgage purported to convey several lots, the numbers of which were given, and which were described as "being all of block 25," in a town named. It appeared, from the evidence, that "block 25" contained no lots of the numbers given, but another block did contain lots with those numbers. It further appeared that the arrangement before the mortgage was made was that the mortgagor should give a mortgage on a house and certain lots in the town named, being his residence in which he lived at the time, and that he was living at the time and had for several years lived on block 25. The mortgagee contended that the description of the block should prevail, and it was *held* that the evidence showed such was the intention. So, the description by the lots was rejected as a false particular of description, and the deed construed as conveying block 25.

5. SAME—*extrinsic evidence to explain a latent ambiguity.* The ambiguity in respect to the description of the property conveyed was a latent ambiguity—disclosed only by extrinsic evidence—and such evidence was admissible to explain the ambiguity.

6. REFORMING A DEED—*what so considered.* The giving of a construction to a deed as to which of two inconsistent descriptions of the premises conveyed shall prevail, is not to be regarded as a reforming of the deed, in any such sense as, if the deed be made by a married woman, that the question could arise as to the power of the court to reform such a deed.

7. MORTGAGE—*lien in favor of mortgagee for taxes paid by him— subrogation.* Where it is the duty of a mortgagor to pay the taxes upon the mortgaged premises, and upon his failure to do so they are paid by the mortgagee, the latter will be subrogated to the rights of the State, which has a lien upon the land for the taxes, and upon foreclosure of the mortgage it will be proper to decree a lien upon the premises in favor of the mortgagee for the taxes so paid by him.

WRIT OF ERROR to the Circuit Court of Clinton county; the Hon. GEORGE W. WALL, Judge, presiding.

Messrs. BUXTON & WHITE, for the plaintiff in error.

Messrs. MURRAY & ANDREWS, for the defendant in error.

Mr. Justice Sheldon delivered the opinion of the Court:

This is a writ of error brought to reverse a decree of fore-closure of a mortgage. The mortgage purports to convey a homestead, and to have been acknowledged before the deputy clerk of the circuit court of Clinton county.

It is objected that the acknowledgment is invalid, because the deputy clerk was not legally appointed such. It appears that he was only verbally appointed such deputy; that he was never sworn into office, nor executed any bond as deputy, but that he was acting as such deputy, and had taken other acknowledgments in the same manner.

The provision of the statute at the time (1867) was, "the clerk of the Supreme Court, the several clerks of the circuit and county commissioners' courts, may appoint deputies, who shall severally take an oath for the faithful discharge of the duties of their offices, and for whose conduct the principal clerk shall in all cases be responsible." Rev. Stat. 1845, p. 395, sec. 6. The deputy clerk here was at least an officer *de facto*, and the principle is well settled that the acts of officers *de facto* are as valid and effectual, when they concern the public or the rights of third persons, as though they were officers *de jure*. *Sullivan* v. *The State*, 66 Ill. 75; *Mapes* v. *The People*, 69 id. 528.

The mortgage purported to convey, among other property, also lots 21, 22, 23, 24, 25, 26, 27, 28, 29 and 30, being all of block 25, in Lower Carlyle. These numbered lots are not in block 25, and it is contended by plaintiff in error that it is these numbered lots which are conveyed by the mortgage, and not block 25. The evidence shows that the blocks in Lower Carlyle are consecutively numbered from one to thirty, and contain ten lots each, the lots in all the blocks being consecutively numbered from one to three hundred. Lots 21 to 30 inclusive are in block 3. The lots in block 25 are numbered consecutively from 221 to 230.

It appears that the arrangement before the mortgage was made was that the mortgagor should give a mortgage on a house and certain lots in the town of Carlyle, being his residence in which he lived at the time, and that he was living at the time on block 25, in Lower Carlyle, and had lived there for more than ten years previous. There is evidently a false particular of description here, in either the lots or block, and which description shall prevail,—that of the lots or of the block? It is from extrinsic evidence that the ambiguity appears, and that same kind of evidence shows clearly enough that the description of the block was the description which was intended, and such evidence is admissible to explain a latent ambiguity.

It is a rule of construction that where there is a doubt as to the construction of a deed, it shall be taken most favorably for the grantee. Whence, if there are two descriptions in a deed of the land conveyed, and they do not coincide, the grantee is at liberty to elect that which is most favorable to him. *Melvin* v. *Props. Locks, etc.* 5 Metc. 27; 3 Washburne on Real Prop. 628–9, Marg.; *Esty* v. *Baker,* 50 Me. 331.

It is a maxim that *falsa demonstratio non nocet.* The description here by the block alone is full and sufficient to ascertain the estate, and it no doubt describing what was intended to be conveyed, that description, we are of opinion, should prevail, and the description by the lots be rejected as a false particular of description. This will not, as supposed by counsel for defendant in error, amount to the reformation of the deed of a married woman, which this court has decided could not be made under our former law, but it is only determining which one of two inconsistent descriptions shall prevail.

It is complained that the court below decreed the taxes which the complainant had paid upon the land to be a lien upon it. It was the duty of the mortgagors to pay the taxes, and they not having done so, the mortgagee might pay them

and be subrogated to the rights of the State, which had a lien upon the land for the taxes.    *Pratt* v. *Pratt,* 96 Ill. 184. Finding no error in the decree it is affirmed.

*Decree affirmed.*