## PETER GEIB v. THE STATE.

*No. 28. Decided February 7.*

1. **Constitutional Law — Statutes for Raising Revenue.**— Section 33 of article 3 of the State Constitution, which provides that all bills for raising revenue shall originate in the House of Representatives, has reference to revenue for general purposes, and does not apply to laws of special or local character, nor to police regulations put into operation by vote of the people of particular localities; and such local laws, with taxes incident to such laws, or where taxes are raised under authority of a municipal charter, are not revenue laws within contemplation of the cited provisions.

2. **Same**—The Act of 1891, General Laws of the Twenty-second Legislature, page 133, entitled "An act to authorize towns and villages incorporated for free school purposes only, to levy taxes and issue bonds for free school purposes," is constitutional, it being authorized by and in conformity with section 10, article 11, of the State Constitution.

3. **Keeping Open Bar Room on Election Day.**— An information brought under article 178, Penal Code, for keeping open a bar room on election day, is sufficiently specific if it alleges that such election was held by lawful authority. Following Janks v. The State, 29 Texas Court of Appeals, 233.

**4. Same—Election—Regularity of, not Subject to Collateral Attack.**—On a prosecution for keeping open a bar room on election day, *held*, that the validity of the election could not be attacked in regard to the manner of ordering and holding the same, where same was held under the forms of law. Cooper v. The State, 26 Texas Court of Appeals, 575, followed.

APPEAL from the County Court of Val Verde. Tried below before Hon. W. K. JONES, County Judge.

The information in this case charged the appellant with unlawfully and willfully opening and keeping open a bar room on an election day, on which an election was being held for the purpose of determining whether a special school tax of 25 cents on the $100 worth of property situated within the school district of the town of Del Rio should be levied, for the purpose of building a school house and for the purchase of a site therefor; the said school district being in Precinct No. 1, and the said bar room being also in said precinct and voting district.

Defendant filed several special exceptions to the sufficiency of the information, the first special exception being, that the information failed to allege that the school district was an incorporated district for school purposes only; and the fourth exception being, because the act of the Legislature under which the election was assumed to have been held was unconstitutional and void, it being a revenue bill and having originated in the Senate. The exceptions were overruled, and at the trial defendant was found guilty and his punishment assessed by verdict and judgment at a fine of $100.

In view of the disposition made of the case on appeal, it is unnecessary to give a statement of the facts.

*C. C. Thomas*, for appellant.—The court erred in overruling the defendant's special exceptions Nos. 2 and 3, because the information failed to allege that the school district was an incorporated district for school purposes only; such a school district as is alleged in the information having no authority to order an election at all. Nothing but a town or village incorporated for school purposes only can order such an election. Gen. Laws 1891, sec. 1, p. 133.

The court erred in overruling the defendant's fourth special exception to the information, because the act of the Legislature under which the election is assumed to have been held is unconstitutional and void, it being a revenue bill, and having originated in the Senate.

A revenue law can not originate in the Senate. A bill that provides for the levying of a tax is a revenue bill, technically called a "money bill."

The foundation of this assignment is a matter of law, and not of the record. I desire to call the court's attention to the law embraced in chapter 90, General Laws, 1891, page 133, where it will be seen that the

law under which this election was held orginated in the Senate as Senate Bill No. 92. Const., art 3, sec. 33; Pasch. Ann. U. S. Const., p. 91, note 65; Black's Law Dic., " Money Bill," p. 785, " Revenue Law," p. 1040.

No election can be held under the law authorizing the election alleged in the information, except by an order of the trustees. This order must contain the statutory requirements before it can sustain an election held in pursuance of same. The only order in evidence for holding the election alleged, is as follows:

> "OFFICE SCHOOL BOARD, DEL RIO, TEXAS,
> "August 20, 1891.

" On motion, it was decided that an election be ordered by said trustees to be held on the above date, at the court house, in Val Verde County, Texas, for the purpose as stated above; and that Mr. C. C. Thomas is hereby named and appointed by the board of trustees as manager of the election.

> "J. J. ROBERTS, Secretary pro tem.

"Approved:

"JOHN WOODS, Chairman Board of Trustees."

The defendant should not be convicted for keeping open a saloon, bar room, etc., on an election day, unless the election was being held by authority of law, and under the form of law.

The court was requested to specially charge the jury, " that unless they believed from the evidence that the election which was alleged to have been held   *   *   *   was an election being held by authority of law and under the forms of law, they should not find the defendant guilty; and if they had a reasonable doubt that said election was so held, the defendant was entitled to an acquittal." The court refused this charge, and the defendant then and there excepted. McCrary on Elec., secs. 561, 562; Am. and Eng. Encyc., p. 438, par. 2, and note 5.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted for keeping open his saloon on an election day.

Several objections were urged to the information, all of which were overruled. We deem it necessary to notice but two of these: (1) The Act of 1891, under which the election was held, is unconstitutional and void, because, being a revenue bill, it originated in the Senate, and therefore the information charged no offense. (2) It failed to allege the school district was incorporated for school purposes only. We do not think these objections well taken.

1. The act complained of is not a bill raising revenue, within the meaning of article 3, section 33, of the Constitution, which provides, that "all

bills for raising revenue shall originate in the House of Representatives."
This provision of the Constitution has reference to bills raising revenue
for such general purposes as the Legislature is required or authorized to
raise, and to cover such appropriations as are made by that body, and
does not apply to laws of special or local character, nor to such police
regulations as are put into operation by a vote of the people in particular
localities. If the law be local in its operation, and the tax an incident to
it, or the tax is to be raised by a municipal corporation for purposes and
objects specified in its charter, it is not a revenue law within the con-
templation of the cited provision of the Constitution. The Act of 1891
was created under and by virtue of the provisions of article 11, section
10, of the Constitution, which had direct reference to the incorporation
of school districts, and the support of schools by such corporations.

2. The information alleged the election was "held by lawful author-
ity." We think this sufficient. It was not necessary the information
should have averred in terms that the district was incorporated for school
purposes only. Janks v. The State, 29 Texas Ct. App., 233.

3. It is further contended, that the order for the election was not suf-
ficient, and that other informalities occurred in regard to the manner of
ordering and holding the election. That this was so is wholly immaterial
in this prosecution. The election averred in the information can not be
attacked in a collateral manner, as is sought to be done in this case. It
was held under the forms of law, and, as was said in Cooper's case, "it
was not a farce, and the mischief intended to be prevented by the statute
would as likely arise in one case as the other." 26 Texas Ct. App., 575;
Janks v. The State, 29 Texas Ct. App., 233.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.