JOHN WEAR v. THE STATE.

*No. 545, Decided April 18th, 1894.*

*Motion for Rehearing Decided March 16th, 1895.*

1.  **Keeping Open a Barroom on Election Day—Indictment.**

It is no ground for quashing an indictment for keeping open a barroom on an election day, that the election was not legally authorized to be held upon that day.    The validity of such election is not subject to collateral attack where it was held under the forms of law.

2.  **Same—As to an Election not Held on the Day Fixed by Law.**

By statute, it is provided that school trustees of a town, incorporated for school purposes, shall be elected on the first Tuesday in April in each year.    Through a misconstruction of the law by the officers, since the incorporation of the town of H., such elections had been regularly held, without question as to their validity on the first Saturday in June, the day set apart for the election of school trustees under the school district system.    It was insisted that such election was void, and being void, could be attacked in any collateral proceeding in which it was involved; but, Held: That the election was not void on account of the mistake as to the day, there being no evidence of unfairness, fraud or corruption in holding it.

APPEAL from the County Court of Bell.    Tried below before Hon. JOHN M. FURMAN, County Judge.

This appeal is from a conviction for keeping open a barroom on election day, the punishment being assessed at a fine of $100.

Defendant filed a motion to quash the indictment, "because it appears from the face of the indictment that the third day of June was not the day lawfully authorized for the holding of an election for the election of school trustees in the Holland public school district; and, if any election was therein held, the same was illegal and not authorized by law," etc.

This motion to quash was overruled.

*A. M. Monteith* and *D. R. Pendleton*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted for opening, and keeping open, his saloon on an election day. This indictment alleged, the election was held on the 3rd day of June, in the Holland public school district, and voting precinct and town; said day being an election day, on which an election was being then and there held, by lawful authority, for the purpose of electing school trustees for the Holland public free school district, etc. On motion to quash, it was urged the election was not legally authorized to be held on said day, etc. The motion was not well taken. Cooper v. State, 25 Texas Crim. App., 530; Cooper v. State, 26 Texas Crim. App., 575; Janks v. State, 29 Texas Crim. App., 233; Geib v. State, 31 Texas Crim. Rep., 514. Under the well settled rules, the validity of such election is not subject to collateral attack in regard to the manner of ordering and holding the same, where the same is held under the forms of law. "It was not a farce, and the mischief intended to be prevented by the statute would as likely arise in one case as the other." Cooper v. State, 26 Texas Crim. App., 575; Janks v. State, 29 Texas Crim. App., 233; Geib v. State, 31 Texas Crim. Rep., 514. The bills of exceptions were reserved with reference to evidence in regard to the manner of ordering the election, and the charges given and refused were in regard to the same matter. The action of the court was correct in both particulars. The judgment is affirmed.

*Affirmed.*

ON REHEARING.

*March 16th, 1895.*

DAVIDSON, JUDGE.—Appellant was convicted for opening his saloon on a day when an election was being held for the purpose of electing a school trustee in the town of Holland. This town was incorporated for school purposes only. The judgment in this case was heretofore affirmed. It is contended that such affirmance was erroneous, because the election was not authorized by law, and therefore void, and can be attacked in a collateral proceeding. By the terms of the statute, elections of this character shall be held "in the same manner and at the same time," and the terms of the office of such trustees "shall be the same as provided in the chapter for the election and term of office for mayor and aldermen." The election for mayor and aldermen, by statute, occurs on the first Tuesday in April of each year, and such officers hold their office "until their successors are elected and qualified." Rev. St., Arts. 518, 519, 541a, 541b. The election in this case was held on the first Saturday in June, and such elections had been so held for each recurring year since the incorporation of said school district of Holland. This, it would seem, was and is the day set apart by statute for the election of school trustees under the school-district system of public schools. It may be conceded that the election under discussion should have been held on the first Tuesday in April, in order to comply strictly with the

terms of the statute. But it was not, and the contention of appellant is that, not having been so held, it is void, and, being void, he has violated no law in opening his saloon on that day, and therefore authorized to attack the election in this collateral proceeding. If this contention is correct, then it follows that every election held in the Holland incorporated school district is void, and the failure to hold the election therein on the first Tuesday in April would operate either as a forfeiture of corporate rights or the perpetuation in office of the trustees, who might, by fraud and design, fail and refuse to order such election. It is not contended, nor is it true, that such trustees whose duty it was to order such elections intended to perpetuate themselves in office, for it is shown that the elections were held on the first Saturday of June of each year. This was, at most, but a misconstruction of the law on their part as to the day on which the election should have been held. It has been held that an exception to the rule that the election must be held on the statutory day arises where the election must be called, and the preparations made for it, by parties who are incumbents of the offices to be filled, and who fail or refuse to order such election on the proper day. In this character of case the notice may be given for an election upon a subsequent date. The officers may, in such case, be compelled to give such notice of election. People v. Town of Fairbury, 51 Ill., 149; Lynch v. Lafland, 4 Cold., 96. So, where a charter of the town provided for the first election on a certain day, it was held such provision was merely directory, and a failure to hold the election on the prescribed day did not prevent an organization under the charter. Coles Co. v. Allison, 23 Ill., 437. In New Jersey it was held that a municipal election, by mistake occurring on the wrong day, and the mistake not having been discovered by any interested parties, either as a voter, candidate, or election officer, until subsequent to the election, and there was neither fraud nor corrupt motive on the part of any interested party, and the election was largely attended, an information in quo warranto was refused by the court. State v. Tolan, 33 N. J. Law, 195. There is no contention that any unfairness, fraud, design, or corrupt motive was indulged in in regard to the election under discussion. It was, at most, a misconstruction of the law, followed by the officers and voters without dissent, and with the evident belief by all that the first Saturday in June of each year, was the legal day upon which the election should be held. Again, there being no election held on the first Tuesday in April, the trustee whose term should have expired on that day holds over till his successor is elected and qualified. This is so by express statutory enactment. Then, under the authorities cited, this election could have been held in order to elect such successor, and so we understand the law to be. Under the state of case presented by the record on the question as to the nullity of the election, we are of the opinion the motion for rehearing is not well taken. Whether the trustee elected on the first Saturday in June could hold his office on a proper contest, is immaterial in this proceeding. Under the facts, we do not believe the validity of the election can be attacked col-

laterally, as was sought to be done. Satterlee v. San Francisco, 23 Cal., 314, and cited authorities. That an election was held, that a trustee was elected, that such election had been held on the first Saturday in June since the incorporation of the district, without question as to its validity, that the school affairs of such district had been carried on and administered by such trustees, that the voters thereof had had a fair opportunity to select such trustees at such elections, and that the elections were never attained by fraud, is not questioned. As we view it, this was an election within the provisions of Article 178 of the Penal Code, and this appellant cannot be heard to question it in this prosecution. The motion for rehearing is refused.

*Rehearing refused.*