THE STATE, EX REL. ROBERT A. SIBBALD, RELATOR, PLAINTIFF IN ERROR, v. JOHN J. BRICKELL, DEFENDANT IN ERROR.

The borough of Park Ridge, in Bergen county, incorporated in June, 1894, did not have power to elect an assessor until the annual election in March, 1895.

On error to the Supreme Court.

For the plaintiff in error, *Luther Shafer*.

For the defendant in error, *Frank P. McDermott*.

The opinion of the court was delivered by

THE CHANCELLOR. The substantial controversy in this case is as to the right to the office of assessor of the borough of Park Ridge, in Bergen county. The facts are that the borough became a body corporate upon the 1st of June, 1894, when the certificate of the result of the election for incorporation, pursuant to the provisions of the act for the formation of borough governments, approved April 5th, 1878, and its supplements (*Gen. Stat., p.* 179), was filed with the county clerk; that on the 7th of August, 1894, at an election duly held for the first officers of the borough, the relator, Sibbald, was voted for as assessor of the borough and received a majority of the votes then cast for that office; that on the second Tuesday of March, 1895, the defendant in error, Brickell, at the annual borough election duly held for the choice of borough officers, received the highest number of votes cast for the office of assessor; that Brickell after being duly sworn on the 1st of May, 1895, assumed the duties of the office to which he was thus chosen and has since continued to discharge them.

Sibbald claims that in virtue of his election and the provisions of the act respecting the election and term of office of the assessor and collector of taxes in boroughs and towns, passed March 8th, 1892 (*Pamph. L., p.* 65), he is entitled to the office of assessor of the borough of Park Ridge for a term of three years from August 7th, 1894, or at least for a term which shall end on the 1st of May, 1897.

By the supplement to the Borough act which was approved March 15th, 1881 (*Gen. Stat., p.* 183, § 23), it was prescribed that on the first Tuesday in October next after the filing of the certificate of the result of the election for incorporation with the county clerk, and on the second Tuesday in March annually thereafter, the legal voters of the borough shall assemble and elect a mayor and councilmen. By another supplement to the same act, passed March 11th, 1885 (*Gen. Stat., p.* 187, § 45), it was prescribed that " the election of the

first officers" may be held on any Tuesday after two weeks from the date of filing the certificate mentioned.

It was not until 1888 that a borough incorporated in virtue of the act of 1878 was authorized to elect an assessor. The first officers designated by the preceding acts did not include an assessor. Prior to 1888, moneys for borough purposes were assessed and collected by the township officers. *Pamph. L.* 1878, *p.* 408, § 13; *Gen. Stat., p.* 184, § 27.

By further supplements to the Borough act of March 6th and 23d, 1888 (*Gen. Stat., pp.* 195, 196, §§ 93, 104, 105), provision was made for the election of an assessor and collector of taxes for each borough, and it was expressly prescribed that their election should be at the annual election for mayor and councilmen. That election is clearly distinguished in the legislation from the election of "first officers." It is the election annually recurring on the second Tuesday of March in each year—the last regular election which precedes the 1st of May, at which latter date the statute expressly provides that the assessor-elect shall take office.

It is very plain from this compilation of the laws bearing upon the subject considered, that the election of assessor in the borough of Park Ridge on the 7th of August, 1894—the time of the election of "first officers" for the borough—was without legal authority and a nullity, and that, therefore, the relator, deriving his title alone from that election, has no title to the office he seeks. The first election at which an assessor could have been chosen was the regular annual election in March, 1895, when the defendant in error, Brickell, received a majority of the votes cast for assessor.

The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, GUM-MERE, LIPPINCOTT, MAGIE, VAN SYCKEL, BARKALOW, BOGERT, DAYTON, HENDRICKSON, NIXON.    11.

*For reversal*—None.