## JOE SADLER v. THE STATE.

### No. 3201.    Decided October 25, 1905.

**Keeping Open Saloon on Election Day—Void and Voidable Election—Irregularities.**

Where on a trial of keeping open a saloon on election day the evidence showed that the notice for such election was published in a newspaper instead of posting in three public places as required by law, such election is not void but merely voidable, and is not vitiated by such irregularities and authorizes the conviction of the defendant for keeping open a saloon on election day. Qualifying Niemann v. State, 74 S. W. Rep., 558; Miller v. State, 69 id., 522; Reuter v. State, 67 id., 505. Approving Cooper v. State, 26 Texas Crim. Rep., 575; Janks v. State, 29 id., 233; Geib v. State, 31 Texas Crim. Rep., 514.

Appeal from the County Court of Bosque. Tried below before Hon. V. J. Word.

Appeal from a conviction of keeping open saloon on election day; penalty, fine of $100.

The opinion states the case.

*Dillard & Word* and *C. M. Cureton,* for appellant.—On question of notice on election: Supplement to Sayles' Statutes (1900) 158, sec. 3, ch. 15a; Reuter v. State, 67 S. W. Rep., 505; Miller v. State, 69 S. W. Rep., 525; Neimann v. State, 74 S. W. Rep., 558; Ex parte Kimbrell, 83 S. W. Rep., 382.

*Howard Martin,* Assistant Attorney-General, for the State.—The controlling question in this case is whether the failure to give legal notice of the election is a defense to this prosecution, although the election was held under the forms of law. It appears that the law requires that the notice of such election be by posting notices in three public places. This was not done as to this elcetion but notice was given by publication in the newspaper. In support of this contention, appellant cites the Neimann case, 74 S. W. Rep., 558; Miller's case, 69 S. W. Rep., 522; and Reuter case, 67 S. W. Rep., 505. These cases seem to sustain appellant's contention, if we reason by analogy. But the State insists that the cases of Cooper v. State, 26 App., 575; Janks and Newman v. State, 29 Texas Crim. App., 233; and Geib v. State, 31 Texas Crim. Rep., 514, announce the better rule. The State submits that these cases are in apparent conflict. The latter cases announcing the rule that the legality of the election cannot be attacked in a collateral manner, should be established in this case as the proper rule.

BROOKS, Judge.—This is a conviction for unlawfully keeping open a saloon on election day. The election was held in order to elect trustees for the independent school district of Velley Mills, by virtue of article 185, Penal Code.

Appellant insists that the verdict of the jury is not supported by the evidence is this, that there was a failure to give a legal notice of the election, as required by law, although the election was held under the forms of the law. The law requires the notice for such election to be posted in three public places. This character of notice was not given, but the notice was published in a newspaper. To support appellant's contention he cites us to Neimann v. State, 74 S. W. Rep., 558; Miller v. State, 69 S. W. Rep., 522; Reuter v. State, 67 S. W. Rep., 505. The cases cited appear to support appellant's contention. However, an examination of these authorities shows that all of said cases hold, a void election can be urged as defense against a prosecution of the character here under consideration. This election is not void, but merely voidable; that is, there are mere irregularities in the election. Where this is the case, the same will not be a defense for keeping open a saloon on election day. See Cooper v. State, 26 Texas Crim. App., 575;

Janks v. State, 29 Texas Crim. App., 233; and Geib v. State, 31 Texas Crim. Rep., 514. All of these authorities cited hold, that where the election is under the usual forms of law, mere irregularities will not vitiate the election, and authorize the conviction of appellant for keeping open a saloon on election day. The election here under consideration being merely irregular, we do not think appellant's defense is meritorious, and the judgment is affirmed.

*Affirmed.*