THE PEOPLE *ex rel.* W. A. Mateer *et al.* Appellants, *vs.*
HENRY C. MORRELL *et al.* Appellees.

*Opinion filed April 23, 1908.*

1. DRAINAGE—*when selection of commissioners by town clerk
is legal.* Under the law as it stood between July 1, 1901, and Feb-
ruary 27, 1907, if a drainage district was organized comprising
land lying in two towns, the town clerk was authorized to select
from the highway commissioners of the two towns three persons
to act as drainage commissioners for the district.

2. SAME—*section 15a, as embodied in emergency act of 1907,
is part of the Farm Drainage law.* Section 15a, as embodied in
the emergency act of 1907, (Laws of 1907, p. 273,) is a part of
the Farm Drainage law, and from the date of its enactment must
control as to the election of drainage commissioners in union dis-
tricts wherein the highway commissioners selected by the town
clerk are acting as drainage commissioners.

3. SAME—*town clerk cannot select commissioners under sec-
tion 15a of the emergency act of 1907.* Under section 15a of the
emergency act of 1907 it is the duty of the town clerk to call an
election for the purpose of electing commissioners to succeed the
acting commissioners selected by such clerk, and a selection made
by the town clerk to fill a vacancy, after the said section has taken
effect, is unauthorized.

4. SAME—*it is the duty of the town clerk to call the first elec-
tion.* Under section 15a of the emergency act of 1907 (Laws of
1907, p. 273,) it is the duty of the town clerk to call the first elec-
tion, whether it is called at the time specified in the statute or at
a later date; and it is not the duty of the commissioners to call an
election until there is a vacancy among the commissioners who
have been elected under the act.

5. STATUTES—*statute is enacted though it purports to amend a
repealed law.* Even though an amendatory act purports to amend
a repealed statute, if the intent of the legislature is clear and un-
mistakable such intent must govern, and the statute will be held to
be enacted notwithstanding the reference is to a statute thereto-
fore repealed.

APPEAL from the Circuit Court of Christian county;
the Hon. S. L. DWIGHT, Judge, presiding.

JAMES M. TAYLOR, and LESLIE J. TAYLOR, for appellants.

R. C. NEFF, State's Attorney, (J. C. & W. B. MCBRIDE, and HOGAN & WALLACE, of counsel,) for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an action of *quo warranto,* commenced August 29, 1907, in the circuit court of Christian county, charging that Union Drainage District No. 1 of the towns of Rosemond and Greenwood, in the said county, was improperly organized and asking that appellants be ousted as commissioners thereof. The petition alleges said district was pretended to be organized November 10, 1906, and that H. C. Morrell, C. S. Campbell and Fred Michelman now unlawfully usurp and exercise the office of drainage commissioners of the said district. The appellants filed a plea to the information in said proceedings, setting up that the district was legally organized and that they were lawfully holding such positions. The trial court, after a hearing, sustained a demurrer to this plea, holding it to be insufficient in law, and found that said appellants had usurped and were unlawfully holding and assuming the office of said commissioners of said district, and that they should be ousted therefrom and altogether excluded from exercising or administering the same. From this order an appeal was prayed to this court.

On the finding of the trial court and the briefs filed herein the only question at issue is whether the court ruled correctly in finding that the said appellants were unlawfully holding the office of drainage commissioners and in ousting them therefrom.

Since July 1, 1901, when lands proposed to be organized into a drainage district were, as in this case, in two towns, the town clerk was authorized to select three commissioners

from among the highway commissioners of the two towns to constitute the drainage commissioners of the union district. (Farm Drainage act, sec. 48; Hurd's Stat. 1905, p. 814.) The history of legislation as to the election of drainage commissioners from 1885 until this amendment of May 10, 1901, is fully set forth in the late decision of *Patton* v. *People*, 229 Ill. 512. Under the law as it stood on this subject from July 1, 1901, until February 27, 1907, it is not clear how drainage commissioners in a union district formed under said section 48 should be selected after the term of the highway commissioners selected by the town clerk, as set forth in said section, had expired. The conclusion that we have reached renders it unnecessary for us to decide this question, but we are inclined to think that under the law as it stood prior to February 27, 1907, the town clerk was without authority to select commissioners to fill a vacancy or when there might be a change in the drainage commissioners by reason of electing new highway commissioners.

February 29, 1907, the legislature passed an emergency act, entitling it "An act to amend section 15*a* of an act entitled 'An act to provide for drainage for agricultural and sanitary purposes, and to repeal certain acts therein named,' approved June 27, 1885, in force July 1, 1885, as amended by act approved June 21, 1895, in force July 1, 1895." (Laws of 1907, p. 273.) The main contention of appellants is, that as said section 15*a* had been repealed in 1901 it could not be amended, as there was nothing to amend. We held in *Patton* v. *People, supra,* that said section 15*a* had been repealed, but in that case the rule is clearly stated that even though an amendatory act purports to amend a repealed statute, if the intent of the legislature is clear and unmistakable this intent must govern, and the statute will be held to be enacted notwithstanding the mistake of reference to a statute theretofore repealed; that the rule of guidance for the courts is to ascertain the intention of the

234—4

legislature, and not their mistakes, either of law or fact. There can be no doubt as to the intention of the legislature in passing the said emergency act of February 27, 1907. Section 15*a*, as embodied in said emergency act, must be held to be a part of the Farm Drainage law, and from the date of its enactment must control and govern as to the election of drainage commissioners under said act. Said section provides that the duties and obligations of the highway commissioners as drainage commissioners "shall cease as soon as drainage commissioners shall have been elected and qualified as herein provided. It shall be the duty of the town clerk to call an election in each district in his township, including the new districts organized during the previous year, by giving ten days' notice that an election will be held. * * * Elections shall be held in the several drainage districts organized under this act on the second Saturday in March of each year, between the hours of two and six o'clock P. M. * * * When a vacancy occurs amongst the drainage commissioners, elected under this act, it shall be the duty of the surviving commissioner or commissioners to call an election to fill the vacancy," etc.

It will be noted that the second Saturday of March, 1907, came on March 9, and that February 27, 1907, was only ten days previous to that date. It seems to be admitted that none of the officials of the drainage district knew of the passage of this emergency act until weeks thereafter. It is admitted that the district was legally organized, and that under the law as it stood previous to this emergency act of February 27, 1907, the town clerk legally selected three highway commissioners to act as drainage commissioners of said union district. The election was not called for the second Saturday of March by the town clerk. One of the commissioners that had been serving, as selected by the town clerk, moved out of town, thereby rendering the office vacant as to him; another was not re-elected as highway commissioner in April, 1907. This left only one of the former

drainage commissioners in the office of highway commissioner,—that is, Charles S. Campbell, one of the appellants herein. The town clerk on May 6, 1907, chose the two other appellants, H. C. Morrell and Fred Michelman, to act as the other drainage commissioners. These two last named had been elected as highway commissioners at the April election, 1907. There is nothing in the plea showing that Morrell and Michelman were elected to succeed as highway commissioners the two men who had formerly served as drainage commissioners. As the emergency act of February 27, 1907, was in force on May 6, 1907, the town clerk did not have any authority to select these men as drainage commissioners. On the face of the pleadings, therefore, the circuit court rightfully ousted appellants Morrell and Michelman from office.

Was the circuit court authorized in ousting the appellant Charles S. Campbell, who had, previous to the passage of this emergency act, been legally elected as highway commissioner and selected by the town clerk as drainage commissioner, and was and is still holding the office of highway commissioner? The argument of appellees in support of the order in this respect is substantially that it was Campbell's duty, under the emergency act, to call the election; that that being the only duty he could perform, and having failed therein, it must be held that he had abandoned his official duties and his office as drainage commissioner must be held vacant. With this we cannot agree. The general rule in this country is, that officers elected or appointed for a fixed or definite period will hold office until their successors are elected and qualified. (1 Dillon on Mun. Corp.— 4th ed.—sec. 219; Mechem on Public Officers and Agents, secs. 396, 397.) Said emergency act of February 27 provided that it was the duty of the town clerk to call this election at the time provided in said emergency act; that it then became the duty of appellant Campbell to call an election to fill the vacancies. It is the duty of the town clerk

to call the first election under this emergency act, whether called on the second Saturday of March, 1907, or at a later date. The provision as to the calling of an election by a drainage commissioner, quoted above, states, "when a vacancy occurs amongst the drainage commissioners, *elected* under this act." The vacancies that existed on May 6, 1907, did not occur as to drainage commissioners *"elected* under this act." The highway commissioners elected under the Township Organization law (Hurd's Stat. 1905, sec. 16, p. 2001,) are *ex officio* drainage commissioners under section 1 of the Farm Drainage act, (Hurd's Stat. 1905, p. 799,) and were "selected" by the town clerk under said section 48 of said Farm Drainage act and were not *elected* as drainage commissioners. Until the first election is held under said emergency act the town clerk must call the election, and even though he did not call it, as said act required, on the second Saturday of March, 1907, it is still his duty to call that first election. *People* v. *Town of Fairbury,* 51 Ill. 149; *People* v. *Knopf,* 198 id. 340.

Appellant Campbell will hold the office of drainage commissioner until an election has been called by the town clerk, as provided under said emergency act, and three commissioners have been elected and qualified, as therein provided. The circuit court was without authority to enter the order holding that Charles S. Campbell was usurping the office of drainage commissioner of the said district and ousting him therefrom.

No other questions have been raised in the briefs.

For the reasons stated, the judgment will be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*