STATE EX REL. CHARLES F. O'DOWD *v.* ALVIN G. ROTTMAN ET AL.

| SUPERIOR COURT | NEW HAVEN COUNTY | FILE NO. 84370 |
| --- | --- | --- |

Memorandum filed November 9, 1956.

*Charles M. Lyman,* of New Haven, for the plaintiff.

*Charles G. Albom,* of New Haven, for the defendants.

SHANNON, J. This is a quo warranto action in which the relator questions the right of the respondents Alvin G. Rottman, warden, Herbert J. Borman, burgess, and Jack Coolikoff, sheriff, to hold their re-

spective offices in the borough of Woodmont in the town of Milford and to exercise the right, powers and privileges of these offices, respectively. He alleges that the election at the annual meeting of the Woodmont Association was void, because the polls at said election were open, in accordance with the notice given of this election, only between the hours of 11:30 a.m. and 7:30 p.m. daylight time, on August 25, 1956.

There is no claim that any protest was made prior to the election or that there was any dishonesty. Neither is it claimed that any voter was prevented from voting. The vote cast was the largest in the history of the association. If there were to be a special election, many of those voting, who are summer residents mainly, would probably not vote because of inconvenience. Section 657d of the 1955 Cumulative Supplement provides: "At all regular and special municipal elections held on a day other than the day of a regular or special state election, any provision of any special act to the contrary notwithstanding, the polls shall remain open for voting from six o'clock a.m. until six o'clock p.m.; but any municipallity may, any provision of any special act to the contrary notwithstanding, by vote heretofore or hereafter taken, under the provisions of section 248d, provide that the polls at any such election shall be open for a shorter or a longer period of time, but not later than eight o'clock p.m. and not less than eight consecutive hours between the hours of six o'clock a.m. and six o'clock p.m." So the relator contends that the time fixed was one and one-half hours short of the time required. The polls were actually open, however, for eight hours.

The question is, is the requirement mandatory or directory, or both? Before election it is mandatory if direct proceedings for its enforcement are brought, but after election it should be held directory in sup-

port of the result unless of a character to effect an obstruction to the free and intelligent casting of the vote, or the ascertainment of the result; or unless the provisions affect an essential element of the election, or it is expressly declared by the statute that the particular act is essential to the validity of the election or that its omission will render it void. *Blue* v. *Allee,* 184 Ind. 302, 304; *Jones* v. *State ex rel. Wilson,* 153 Ind. 440, 446; *State ex rel. Beu* v. *Lockwood,* 181 Iowa 1233, 1240; 29 C.J.S. 311. It has been held that holding an election on a date different than specified by statute will not of itself invalidate the election. *State ex rel. Mitchell* v. *Tolan,* 33 N.J.L. 195, 201; *Coles County* v. *Allison,* 23 Ill. 437, 438; *People ex rel. Rice* v. *Keeling,* 4 Colo. 129, 133. There are, however, contrary holdings based on specific statutes. *People ex rel. Smith* v. *Schiellein,* 95 N.Y. 124; *State ex rel. Sibbald* v. *Brickell,* 59 N.J.L. 420, 422; *Brewer* v. *Davis,* 28 Tenn. 208, 214. Had there been a proper protest before election, it would have been mandatory upon the election officials to fix the time for voting to include at least eight hours for voting between 6 a.m. and 6 p.m. although the time could have been extended to 8 p.m. There was no such protest. There is no claim that the result of the election was not a free expression of the majority of the voters of the association; nor that even one voter was prevented from voting by this irregularity. Under the circumstances of this case, the court feels that this regulation is merely directory.

There is no estoppel in this case because the relator is not an unsuccessful candidate and there is nothing present upon which to base an estoppel.

Judgment may enter for the respondents without costs.