VALENTINE OWENS et al., Plaintiffs in Error, *v.* THE PEOPLE, &c. FOR THE USE OF MASSAC COUNTY, Defendants in Error.

ERROR TO WILLIAMSON.

The statute in reference to negroes and mulattoes, does not authorize the taking of a bond, until the negro or mulatto has produced a certificate of his freedom, and such only have the privilege of residing here as can furnish evidence of their freedom, and can give bond for their good behavior, and that they will not become a charge to the county.

THIS was an action of debt, commenced in the Massac Circuit Court; and taken to the Marion Circuit Court on change of venue. The action was upon a bond executed to the people of the State of Illinois, by Thomas Hobbs, a man of color, and

Valentine Owens as his security. Which bond had the following conditions:— That whereas Thomas Hobbs, a colored man, was brought into this State by a woman calling herself Hobbs, and there left; and said negro, to wit, Thomas Hobbs, is old, &c. Now if said Hobbs shall behave himself in a decent manner, and act as the law requires towards all the people of this State, and shall not become a county charge, then in that case this bond is to be void; otherwise to remain in full force and virtue.

The declaration contains but one count in the usual form, with breaches in substance : That the defendants failed to keep the conditions of said bond. That the said county of Massac was compelled to lay out and expend some $37 for the support, nursing, and maintenance of the said Hobbs, after the execution of said bond. That the County Court of said county of Massac made orders for the payment of nursing bills, doctor bills, &c., amounting to $37. To which declaration the defendants demurred, and craved oyer of the bond, which demurrer was overruled by the court.

The defendants filed four pleas. 1st. That said Thomas Hobbs was, at the time of executing said bond, a slave, &c. 2d. That at the time said defendants executed said bond, the said Thomas Hobbs, one of the defendants, did not produce any certificate of his freedom authenticated as the statute requires; and that he was, in fact, a slave brought to this State by his mistress, and the bond was therefore void. 3d. The said defendant, Owens, for separate plea, says that soon after the execution of said bond, and before the commencement of this suit, and before Hobbs became a county charge, the said defendant, Hobbs, was offered to be given up by the defendant, Owens, to the proper authorities, but that they refused to receive him. 4th. That the law under and by virtue of which said bond was taken was unconstitutional, and therefore the bond was void.

To which several pleas demurrers were filed. The demurrers were sustained by the court, and the defendants electing to stand by their pleas, the Circuit Court of Williamson county, Denning, Judge, presiding at September term, 1851, rendered judgment for one thousand dollars, the penalty of the bond; to

which the defendants excepted. The plaintiffs in error assign for error, the sustaining the demurrers to pleas, rendering judgment without assessing damages or calling a jury for the purpose, and overruling motions in arrest of judgment and for new trial.

T. G. C. DAVIS and R. F. WINGATE, for appellants.

The declaration is bad in substance. It appears, upon its face, that the contract, which is made the foundation of the action, was made in contravention of the provisions of the statute, entitled " Negroes and Mulattoes," § 1, 2, 3, 4, 5, 6, 8, and 9 of said act, Rev. Sts. 1845, p. 386, 387. A demurrer may be for insufficiency, either in substance or in form. Stephen on Pleading, 138; 1 Chitty, Pl. 661, 665.

The defendants' demurrer to the declaration ought to have been sustained by the court, because it appeared on its face, that Hobbs was brought into the State by a woman calling her name Hobbs, and left here by her; and there is no averment or allegation in the declaration that Hobbs produced a certificate of his freedom to the County Commissioners' Court, before or at the time of the execution of the bond counted on. See Rev. Sts. 1845, as above referred to. There is nothing in the bond, as set out in the declaration and other pleadings in the cause, which shows that Hobbs produced the certificate required by the act " Negroes and Mulattoes," nor is there an allegation of his freedom to be found in the declaration.

The plaintiffs' demurrers to the defendants' pleas, open the whole record to the inspection of the court, and the judge ought to have given judgment for the party, who, from all that appeared in the record, was entitled to it. Stephen on Pleading, 143; 1 Chitty's Pl. 668; 3 Cranch, 235; 4 Hen. & Munford's Rep. 110.

A fault in substance in pleading, is not cured by pleading over. 1 Chitty's Pl. 671; Stephen on Pleading, 147.

The defendants' first and second pleas were clearly good. They showed, that the very foundation of the action was illegal and void. A bond made in contravention of the provisions of a

statute or in violation of the public policy, is void. Chitty on Contracts, 694; 17 Mass. 280; 5 Dana, 261; 4 Hen. & Munford, 282.

The Damages. When the parties have agreed, that the one shall pay to the other a specified sum of money, in the event of a breach of the provisions of the contract, the courts will, if possible, view the sum reserved as in the nature of a penalty. 8 Mis. 470; 5 Met. 61, 66; 5 Cowen, 144.

R. S. NELSON, for appellees.

Supposing the plaintiffs in error have a right to go back to the declaration in search of defects, on demurrers to their pleas, and after demurrers general and special to the declaration have been overruled, which is questionable, (see 4 Gilman, 40; 2 Ibid. 302; 9 S. & M. 451, 470; 9 Mis. 502,) it must not only be for matter of substance alone, but for matter intrinsic, and if they relied upon any extrinsic matter, such as a defect in the consideration of the bond, they ought to have craved oyer of it, and the neglect to do so is fatal. 1 Chitty's Pl. 430, 431, 432; 2 Saunders, 60; Lord Raymond's Rep. 1135; 1 Saunders, 9, 317; 2 Stephens, N. P. 1260.

The plaintiffs in error cannot object, that the bond is not in exact compliance with the statute, because they have not set it out on oyer; but if they could, under the state of pleading, object for matter *dehors* the record, it cannot avail them to defeat the right of recovery in this action, for the bond is a good statutable bond. 3 Scam. 349; 1 Watts & Serg. 261; 3 Serg. & Rawle, 394; 1 U. S. Digest, 307; 17 Wendell, 502.

The second plea is contrary to a conclusive presumption of law; this presumption exists in all States where slavery is not tolerated. People *v.* Thornton, 11 Ill. 336; Prigg's case, 15 Peters, R. 419; Law of Slavery, 370, 373, 374, 379; 8 Peters, 238.

TRUMBULL, J. Waiving a decision of the constitutional question which has been raised, it is clear, that the judgment in this case cannot be sustained. The statute in reference to negroes

and mulattoes, (Rev. Sts. ch. 74,) was manifestly designed to discourage the settlement of negroes within this State.   The eighth section of that act, inflicts a penalty upon any person bringing a black or mulatto person into the State, in order to free him from slavery.   The fifth section provides for arresting, imprisoning, and hiring out any such person found in the State, not having a certificate of his freedom ; and, although this section has been held to be invalid, in the case of Thornton, 11 Ill. 332, by reason of its conflict with the exclusive jurisdiction of Congress over the same subject, still it is proper to refer to it, as indicating the design of the legislature in the enactment of the other sections of the same law.

The first section declares, that " no black or mulatto person shall be permitted to reside in this State, until such person shall produce to the County Commissioners' Court, where he or she is desirous of settling, a certificate of his or her freedom, which certificate shall be duly authenticated in the same manner that is required to be done in cases arising under the acts and judicial proceedings of other States.   And until such person shall have given bond, with sufficient security, to the people of this State, *for the use of the proper county*, in the penal sum of one thousand dollars, conditioned that such person will not, at any time, become a charge to said county, or any other county of this State, *as a poor person*, and that such person shall, at all times, demean himself or herself in strict conformity with the laws of this State."                                      •

It is under this first section that the bond sued on was given. It differs somewhat from the bond required by the statute, by omitting to state, that it was given *for the use of* (Massac) *the proper county*, also the words, " as a poor person," and is in some other respects variant from the law.

It is unnecessary to determine upon the effect of these variances, because, to have authorized the taking of even a statutory bond, Hobbs, the negro, must first have produced to the County Commissioners' Court, the requisite certificate of his freedom.   The legislature never intended this State to become a rendezvous for negroes and mulattoes of every description, who could give the required bond, but limited the privilege of

residing here to such only as could furnish · evidence of their freedom, and then give bond and security not to become a charge to the county *as a poor person*, and for their good behavior. The clerk had no authority to take or approve the bond of a black person, who did not first furnish the evidence of his freedom, which the law required; and a bond given by a negro not furnishing this evidence, would not have authorized his residence in the State, or have afforded him, or the person bringing him here, any protection.

The first plea alleges, in substance, that Hobbs, at the time of the execution of the bond sued on, was a negro slave ; and second, that he was a negro slave, brought to this State by his mistress, and that he did not produce any certificate of his freedom, as required by the statute.

These pleas, if true, which the demurrer admits, show, that the bond was taken in a case not authorized by law. Upon such a bond no recovery can be had, and the court erred in sustaining the demurrer to these pleas.

The third plea is clearly defective, and to it the demurrer was properly sustained.

Judgment of the Circuit Court reversed, and cause remanded.

*Judgment reversed.*