## BENJAMIN H. CANBY

*v.*

## WILLIAM HARTZELL.

*Announced orally at Springfield October 12, 1897.*

CONSTITUTIONAL LAW—*jurisdiction of Supreme Court—section 96 of the Election law unconstitutional.* Section 96 of the Election law, (Rev. Stat. 1874, p. 464,) which purports to confer original jurisdiction upon the Supreme Court in certain classes of election contests, is unconstitutional, as, by the provisions of section 2, article 6, of the constitution of 1870, the original jurisdiction of the Supreme Court is confined to cases relating to revenue, *mandamus* and *habeas corpus.*

ORIGINAL petition for contesting election of circuit judge.

W. J. N. MOYERS, for petitioner:

The statute expressly confers upon this court jurisdiction to hear and determine election contests of this character. "The Supreme Court shall hear and determine contests of the election of judges of the Supreme Court, clerks of the Supreme Court, judges of the circuit court, judges of the Superior Court of Cook county, members of the State Board of Equalization," etc. Hurd's Stat. 1895, chap. 46, sec. 96.

Either this court has jurisdiction to hear and determine this election contest or the above section of the statute is unconstitutional and void.

Section 2 of article 6 of the constitution of 1870 provides as follows: "The Supreme Court shall consist of seven judges, and shall have original jurisdiction in cases relating to the revenue, in *mandamus* and *habeas corpus,* and appellate jurisdiction in all other cases." We insist that the words "in all other cases," referred to in the constitution of 1870, mean suits in law or proceedings in chancery, and in no sense is it intended by the constitution to include proceedings to contest an election such as the present case.

It is conceded that section 2 of article 6 of the constitution of 1870 is substantially identical with section 5 of article 5 of the constitution of 1848, except as to the jurisdiction to try impeachment cases, etc.

In support of the proposition that the court has jurisdiction, see the following cases: *Moore* v. *Mayfield*, 47 Ill. 169 ; *People* v. *Smith*, 51 id. 177 ; *Linegar* v. *Rittenhouse*, 94 id. 208; *Foley* v. *Tyler*, 161 id. 175; *Hall* v. *Thode*, 75 id. 175; *Dickey* v. *Reed*, 78 id. 271.

This court has held that a proceeding to contest an election is not a suit at law. *Moore* v. *Mayfield*, 47 Ill. 167; *Kreitz* v. *Behrensmeyer*, 125 id. 170.

This court has also held that there is no inherent power in courts of chancery to determine contested elections. While in form it is a chancery proceeding in fact it is purely statutory. *Allerton* v. *Hopkins*, 160 Ill. 448; *Heffran* v. *Hutchins*, id. 554.

TURNER & HOLDER, and GEORGE W. WALL, for defendant:

The two provisions (sec. 2, art. 6, Const. 1870, and sec. 5, art. 5, Const. 1848,) are identical, except that cases of impeachment are not within the original jurisdiction of the court under the section now in force.

In the case of *Crull* v. *Keener*, 17 Ill. 246, it was sought to submit to the Supreme Court an agreed case by an original proceeding, and the court, in declining to take jurisdiction thereof, remarked: "This court has only appellate jurisdiction, except in certain specified cases, of which this is not one. (Sec. 5, art. 5, Const.) The word 'appellate' in the constitution is used in contradistinction to 'original.' It was intended to invest this court with supervisory power only, except where original jurisdiction is expressly given. It contemplated some action, decision or determination of some officer or inferior tribunal by which the rights of some party could be affected, to re-examine and reverse which he might be allowed to

appeal to this court. The appellate power conferred is to correct errors committed by some inferior jurisdiction, and no error can be committed till a decision is made. There must be something to appeal from before an appellate power can be exercised. Were we to undertake to decide questions thus presented in the first instance to this court, we should clearly assume to exercise original jurisdiction which is exclusively vested in the inferior courts." See, also, *Campbell* v. *Campbell*, 22 Ill. 664; *Hawes* v. *People*, 124 id. 560; *Railroad Co.* v. *Fisher*, 141 id. 621.

Mr. JUSTICE CARTWRIGHT announced the opinion of the court:

This is an original suit commenced in this court by the filing of a petition by Benjamin H. Canby, against the defendant, William Hartzell, alleging that the parties to the suit were candidates for the office of judge of the circuit court in the Third Judicial Circuit, that the returns showed that the defendant, William Hartzell, was elected, and that a certificate of election issued to him. The petitioner sets up that the votes were improperly counted, and prays for a re-count of the ballots, and that he may be declared to have been duly elected judge of the Third Judicial Circuit. The suit was therefore brought to contest the election, and was commenced under section 96 of the Election law. That section provides that this court shall hear and determine contests of the election of judges and clerks of this court, judges of the circuit court and Superior Court of Cook county, and members of the State Board of Equalization.

This section purports to confer jurisdiction upon this court to hear and determine the issue, but the power and jurisdiction of this court are defined by the constitution in section 2 of article 6, which declares that "the Supreme Court shall consist of seven judges, and shall have original jurisdiction in cases relating to revenue, *mandamus* and *habeas corpus,* and appellate jurisdiction in all other

cases." The original jurisdiction there conferred is limited to cases affecting the revenue, *mandamus* and *habeas corpus*, and the constitution declares that in all other cases jurisdiction shall be appellate,—which means the power to revise the judgments of inferior courts. Where the legislature defines the jurisdiction of this court outside of those cases, the constitution declares that the jurisdiction shall be appellate jurisdiction. This section 96 attempts to confer original jurisdiction, and it necessarily follows that the section is unconstitutional and void and confers no jurisdiction upon this court.

This court having no power to determine the question, the motion of defendant to dismiss is sustained and petition dismissed.                           *Petition dismissed.*