FREDERICK S. BAIRD

*v.*

JONAS HUTCHINSON *et al.*

*Opinion filed April 17, 1899.*

1. STATUTES—*in construing a statute an unconstitutional section is not rejected.* The primary consideration in construing a statute being to ascertain the legislative intent, the court will not reject from consideration an unconstitutional section, but will refer to it as part of the act for the purpose of construction.

2. ELECTIONS—*effect of unconstitutionality of section 96 of the Election law.* The fact that section 96 of the Election law (Rev. Stat. 1874, p. 464,) is unconstitutional in attempting to confer original jurisdiction upon the Supreme Court in certain classes of election contests, does not operate to bring such contests within section 98,

giving the county court jurisdiction in contests for which "no provision is made."

3. SAME—*county court cannot hear contest of election of judges of superior court of Cook county.* The county court of Cook county has no jurisdiction to entertain a petition to contest an election for judges of the superior court of Cook county.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

At the election held on November 8, 1898, the appellant, the appellees and others were nominees on the official ballot for the offices of judges of the superior court of Cook county. Six of said superior court judges were to be chosen. Certificates of election were issued to each of the six appellees. Appellant, claiming he had been duly elected to one of such positions, exhibited in the county court of Cook county a petition against them to contest their election. A demurrer to the petition was sustained and an order was entered dismissing the proceeding. This is an appeal prosecuted by the petitioner to reverse the judgment and order of dismissal.

LAWRENCE HARMON, and JOHN MAYO PALMER, for appellant:

Section 96 of the Election law being unconstitutional and void, is to be treated for all purposes as if it had never existed, and the remaining provisions of the statute not affected by the vice of the 96th section are to be given full force and effect according to their terms, and cannot be affected, qualified or limited by that section. *Nelson* v. *People,* 33 Ill. 397; Cooley's Const. Lim. (6th ed.) 177, 211-213; *Dupee* v. *Swigert,* 127 Ill. 494; *Railway Co.* v. *Jones,* 149 id. 387; *Donnersberger* v. *Prendergast,* 128 id. 234; *People* v. *State Reformatory,* 148 id. 425; 6 Am. & Eng. Ency. of Law, (2d ed.) 1088; *Norton* v. *Shelby County,* 118 U. S. 442; *Myers* v. *People,* 67 Ill. 503; *People* v. *Hazelwood,* 116 id. 319.

The attempted grant of jurisdiction to the Supreme Court, even if it were effectual, did not confer exclusive

jurisdiction upon that court, the words of section 96 not expressing or implying a legislative intent to that effect. It was, at most, an attempt to confer jurisdiction concurrent with courts of original jurisdiction known to our constitution and laws. *Bors* v. *Preston,* 111 U. S. 258; *Gittings* v. *Crawford,* Taney, 1; *Hundley* v. *Commissioners,* 67 Ill. 559; *Myers* v. *People,* id. 503; *Howell* v. *Moores,* 127 id. 67; *Berkowitz* v. *Lester,* 121 id. 99; *Hankins* v. *People,* 106 id. 628.

Complete jurisdiction over the subject matter of the contest of this election is conferred upon the county courts and circuit courts of the State by apt words contained in sections 97 and 98 of the Election law.

The office of judge of the superior court of Cook county is a "county office," within the meaning of the constitution and the election laws of the State. *People* v. *Baird,* 164 Ill. 535; *Wetherell* v. *Devine,* 116 id. 631; Throop on Public Officers, sec. 26; *In re Whitney,* 2 Barb. 513; *People* v. *Wall,* 88 Ill. 75.

Section 96 being ineffectual, it does not "make provision" for contesting an election for the office of judge of the superior court of Cook county, and therefore by the last clause of section 98 jurisdiction of such contest is vested in the county court. *Misch* v. *Russell,* 136 Ill. 26.

DENEEN & HAMILL, and STEIN & PLATT, (THOMAS A. MORAN, S. S. GREGORY, and JOHN S. MILLER, of counsel,) for appellees:

The county court of Cook county has no jurisdiction of the contest of the election of judges of the superior court of Cook county. Rev. Stat. chap. 46, secs. 96-100.

No court in this State has jurisdiction of the contest of an election of any office except such as has been conferred upon it by statute. *Dickey* v. *Reed,* 78 Ill. 261; *Linegar* v. *Rittenhouse,* 94 id. 208; *Allerton* v. *Hopkins,* 160 id. 448.

In construing a statute the legislative intent must be ascertained and given effect. *Soby* v. *People,* 134 Ill. 71; *People* v. *Gaulter,* 149 id. 471; *Reiche* v. *Smythe,* 13 Wall. 162;

*Smythe* v. *Fiske*, 23 id. 374; *South Park Comrs.* v. *Bank*, 177 Ill. 234.

All acts *in pari materia* are to be taken together as if they were one law. This rule prevails even though some of them may have expired or been repealed. *Stribling* v. *Prettyman*, 57 Ill. 371; *Zarresseller* v. *People*, 17 id. 101; *Swan* v. *Mulherin*, 67 Ill. App. 77; *Mayor* v. *Howard*, 6 H. & J. 383.

The court has no authority to extend a law beyond the reasonable meaning of its terms because of some supposed policy of the law. *Tompkins* v. *Bank*, 18 N. Y. 234; *Pennington* v. *Coxe*, 2 Cranch, 33; *Hutchen* v. *Niblo*, 4 Blackf. 147; 1 Blackstone's Com. 89; *James* v. *Dubois*, 1 Harr. 285.

It must be presumed the legislature intended to pass a valid law. *State* v. *Mayor*, 40 Atl. Rep. 640; *State* v. *Haring*, 26 id. 915.

Where a particular enactment and a general statement are found in the same statute the general clause will not affect the previous particular enactment. The legislature is presumed to have intended what it expressly stated, rather than that which might be inferred from the general terms. Endlich on Inter. of Statutes, sec. 399; Potter's Dwarris, 273; *Perteet* v. *People*, 65 Ill. 230; *Railway Co.* v. *Chicago*, 148 id. 141; *State* v. *Trenton*, 38 N. J. L. 64; *Felt* v. *Felt*, 19 Wis. 208; *In re Goddard*, 16 Pick. 504.

A void, expired or repealed portion of a statute should be considered in construing remaining portions. *Owens* v. *People*, 13 Ill. 59; *Stribling* v. *Prettyman*, 57 id. 371; *Bank* v. *Collector*, 3 Wall. 495; *Ex parte Crow Dog*, 109 U. S. 556; *Sprague* v. *Thompson*, 118 id. 90; *Attorney General* v. *Lamplough*, L. R. 3 Ex. Div. 223; *Swift* v. *Calnan*, 71 N. W. Rep. 233; *Viterbo* v. *Friedlander*, 120 U. S. 707; *Commonwealth* v. *Potts*, 79 Pa. St. 164; *State* v. *Dombaugh*, 20 Ohio St. 167; *Philadelphia* v. *Barber*, 160 Pa. St. 123; *Meshmeier* v. *State*, 11 Ind. 482; *Flanders* v. *Merrimac*, 48 Wis. 567; Hardcastle on Stat. Const. 217; *Commonwealth* v. *Bailey*, 13 Allen, 541; Sutherland on Stat. Const. sec. 162; Cooley's Const. Lim. (6th ed.) p. 212.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The county court was lacking in jurisdiction to entertain the petition. Section 96 of chapter 46 of the Revised Statutes, entitled "Elections," provides the Supreme Court shall hear and determine contests of the election of judges of the superior court of Cook county. The jurisdiction of the Supreme Court is declared by the constitution, and as to original proceedings is confined by the express command of the organic law to cases relating to the revenue, in *mandamus* and *habeas corpus.* (Const. 1870, sec. 2, art. 6.) It is not within the power of the General Assembly to confer upon the Supreme Court original jurisdiction in other cases, and for that reason said section 96 of the chapter on elections is without legal force or effect. *Canby* v. *Hartzell,* 167 Ill. 628.

Section 98 of said chapter 46, entitled "Elections," is as follows: "The county court shall hear and determine contests of election of all other county, township and precinct officers, and all other officers for the contesting of whose election no provision is made." The position of appellant is, section 98 empowers the county court of Cook county to hear and determine a contest of the election of a judge of the superior court of that county for two reasons: First, the office of judge of the superior court of Cook county is a county office; and second, section 96 being void, the act contains no express provision for such contests, and the concluding clause of section 98 operates to vest the county court with power to hear and determine them.

It is unnecessary we should advert to the contention a judge of the superior court is a county officer, for the reason we think it affirmatively appears from the statute, taken as a whole, it was not the legislative intent to clothe the county court with power to hear and determine contests of the election of such judges. The intent of a statute is the law, (Sutherland on Stat. Const. 234,) therefore the primary consideration in construing a stat-

ute is to ascertain and give effect to the will of the law-making body, and to accomplish this the court will consult the whole act and examine and compare each of the various sections and provisions thereof. (*Soby* v. *People*, 134 Ill. 66; *People ex rel.* v. *Gaulter*, 149 id. 39.) In subjecting an enactment to such an investigation the court will not reject from consideration an unconstitutional section, if one there be, but will refer to it as constituting a part of the enactment for all the purposes of construction. (*Owens* v. *People*, 13 Ill. 59.) "The legislature pass an entire statute on the supposition, of course, that it is valid in all of its parts and to take effect as a whole," (Sutherland on Stat. Const. sec. 178,) hence the value of an invalid section as an indication of the intention of the law-making body is in nowise diminished by the fact it is discovered, after the enactment of the law, it was not within the power of the legislature to enact it. "The legislative intention must not be confounded with their power to carry that intention into effect. To refuse to give force and validity to a provision of the law is one thing, and to refuse to read it is a very different thing. It is by a mere figure of speech that we say an unconstitutional section of a statute is 'stricken out.' For all the purpose of construction it is to be incorporated as a part of the act. The meaning of the legislature must be gathered from all they have said, as well from that which is ineffective for want of power, as from that which is authorized by law." (*Dombaugh* v. *State*, 20 Ohio St. 167.) Clauses, provisions or sections of an act, though unconstitutional and void, are to be considered in construing valid clauses, provisions or sections of the same act, in order to determine the legislative will. *Swift* v. *Calnan*, 102 Iowa, 212; *Commonwealth* v. *Potts*, 76 Pa. 164.

Tested by these rules of interpretation, that it was not the intention of the General Assembly to invest the county court with jurisdiction of contests of the election of judges of the said superior court is clear and unmis-

takable.   Section 96 in express terms declares the Supreme Court shall hear and determine such contests. Though inoperative as law, this section unmistakably discloses it was the legislative will and intent to vest in the Supreme Court the power to hear and determine contests of the election of such judges.   Having made that provision for such contests and believing the provision to be legal and effective, the insistence such judges were, in legislative contemplation, of that class of officers referred to in the final clause of section 98 "for the contesting of whose election no provision is made," is entirely inadmissible.   To hold otherwise would be to impute to the legislature the intention to adopt a void and inoperative section of the statute.   Had section 96 been valid no one would have had the slightest doubt as to the intention of the law-making body.   That it is inoperative as law has no tendency to make that a matter of doubt which would have been undoubted had the section been effective.

The county court was lacking in jurisdiction to entertain the petition, and the judgment dismissing the cause must be and is affirmed.                    *Judgment affirmed.*