THE PEOPLE *ex rel.* J. H. Cline, County Collector, Appellant, *vs.* NOAH KUNS, Appellee.

*Opinion filed December 21, 1910.*

1. DRAINAGE—*a drainage district cannot create indebtedness in advance of levying assessment.* A drainage district has no power, either under the Farm Drainage act or the Levee act, to create in advance any indebtedness for completing an improvement and then levy an assessment to meet it.

2. SAME—*when farm drainage assessment is invalid.* Where a contract for the construction of the work in a sub-district is let and the work is begun and several payments are made thereon under an organization of such sub-district which is void because the meetings of the commissioners were held outside the district, a new assessment made under an attempted re-organization, to pay for the work done under the contract, which the commissioners confirmed after the re-organization, is invalid.

3. SAME—*drainage records are admissible to show that work has been done in advance of the assessment.* Upon application for judgment and order of sale for a delinquent drainage assessment the records of the commissioners are admissible to show that the work for which the assessment was levied was the same work intended to be done under a former void assessment, and that such work has been wholly or partly completed under the original contract, entered into under such former assessment.

APPEAL from the County Court of Piatt county; the Hon. E. J. HAWBAKER, Judge, presiding.

A. C. EDIE, for appellant.

JAMES HICKS, and REED & REED, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

At the June term, 1910, of the county court of Piatt county, upon the hearing of an application for judgment against certain lands for delinquent taxes and assessments for 1909, objections by appellee to an assessment alleged to have been made by the drainage commissioners of sub-district No. 2 of Union Drainage District No. 3 of the

towns of Cerro Gordo and Willow Branch, in said county, were sustained and judgment refused. This appeal was then prosecuted to this court on behalf of appellant.

The drainage district in question was organized under the Farm Drainage act. Sub-district No. 2 was originally organized by an order of the drainage commissioners on August 17, 1908. The commissioners made a classification of the lands of the sub-district and held a meeting on October 2, 1908, to hear objections to the classification. Said classification was confirmed by the commissioners and an assessment of $5680 was made on the lands in the sub-district. October 30, 1908, the commissioners held a meeting to receive bids for the work to be done in said sub-district. One H. S. Walters bid the sum of $6109.13 for the work and the contract was awarded to him at that figure. November 6, 1908, Walters entered into a contract with the commissioners, agreeing to do the work according to the specifications, which were made a part of the contract, for the amount of his said bid. The work, which consisted of the construction of a tile drain as the main outlet of the lands in the sub-district, was begun in December, 1908. It appears from the records of the former proceedings introduced in evidence that appellee refused to pay the assessment made October 2, 1908, against his lands. At the June term, 1909, of said county court, on application being made to sell his lands for failure to pay said assessment, the objections were sustained and judgment refused. The meetings of the drainage commissioners for this drainage district for the said year 1908, it is conceded, were all held outside of the limits of the drainage district. After the decisions in *People* v. *Carr*, 231 Ill. 502, *People* v. *Schwank*, 237 id. 40, and other decisions of this court of like import, holding that all meetings of drainage commissioners required by statute of which a record was to be kept must be held within the limits of the drainage district, it was decided by the commissioners of this sub-district that

all their previous proceedings were illegal, and they undertook a re-organization of the district and the making of a new assessment. On September 28, 1909, they held a meeting for that purpose and adopted a resolution which recited their previous meetings, and that, after they had publicly advertised, the bid of H. S. Walters was accepted and that he "entered into a satisfactory contract for the performance of said work and is proceeding therewith; and whereas said bid was accepted at a meeting held in the village of Cerro Gordo, Illinois, and outside said drainage district, and also before a valid and legal assessment had been made upon the lands of said sub-district, and whereas since said letting the assessment to pay the said work has been legally made and the legal procedure therein corrected, and whereas at said first letting there was a number of competitive bids for said work and the bid of H. S. Walters was the lowest, and the undersigned commissioners, after having made due investigation, are of the opinion that said work cannot be re-let for as low a sum as that provided in said contract with said H. S. Walters, and that it would be * * * for the best interests of said sub-district that said contract stand and be executed as originally made," it was therefore provided said contract be approved in all things.

From the records of the board of drainage commissioners it appears that three different payments, amounting to $4462.44, had been paid by said board to Walters for the work under the original contract, previous to said meeting of September 28, 1909. Under the terms of the contract this amount represented eighty per cent of the value of the work done at that time,—that is, the contractor, previous to this meeting, as shown by this record, had done practically all the work under the contract. This court has held repeatedly that a drainage district under the Farm Drainage act has no power to create in advance, either under the Farm Drainage act or under the Levee act, any indebtedness for completing an improvement and then levy an as-

sessment to meet it. *Drainage Comrs.* v. *Kinney,* 233 Ill. 67; *Vandalia Levee and Drainage District* v. *Hutchins,* 234 id. 31; *Schafer* v. *Gerbers,* 234 id. 468; *Morgan Creek Drainage District* v. *Hawley,* 240 id. 123.

Counsel for the appellant first insists that the records showing the proceedings of the drainage commissioners were improperly permitted to be introduced in evidence because they showed on their face that they were records of illegal and invalid proceedings. We think these records were properly introduced for the purpose of showing whether the work to be paid for by this assessment was the same work proposed to be done under the former proceedings, and whether that work had been, in fact, partly or wholly performed under the former contract. The intent and purpose of the resolution passed September 28, 1909, can only be fully understood by taking into consideration the void proceedings referred to. Those void proceedings were properly introduced for that purpose. *Baird* v. *Hutchinson,* 179 Ill. 435; *Patton* v. *People,* 229 id. 512; *Shaughnessy* v. *Holt,* 236 id. 485.

Counsel for appellant argues that as the proceedings under which the original contract was let were invalid the district incurred no liability, and, in fact, was not legally organized, and hence the decisions cited above do not apply, as no indebtedness had been created. We cannot agree with this reasoning. If the drainage commissioners could have work of this kind done without entering into a legal contract and thereafter could levy a legal assessment to pay for that work, thus avoiding the provisions of the statute in question and the decisions construing the same, by entering into a new contract which merely re-affirmed the old contract the protection which was intended by the legislature to be granted by said statute to the property owners would be absolutely nullified. No other conclusion can be drawn from this record than that this assessment was levied to pay for work that had already been done by said

contractor under his original contract. The assessment was therefore illegal, and the court rightly sustained the objection to the application for judgment of sale against the lands of appellee.

The judgment of the county court will be affirmed.

*Judgment affirmed.*