AMANDA E. COURTER, Guardian, Petitioner, *vs.* THE SIMPSON CONSTRUCTION COMPANY, Respondent.

*Opinion filed October 6, 1914.*

1. WORKMEN'S COMPENSATION—*provision for review of decision of the·industrial board by certiorari is invalid.* The provision of clause (*f*) of section 19 of the Workmen's Compensation act of 1913, that the Supreme Court may review the decision of the industrial board as to questions of law by *certiorari* is invalid, as it is in violation of section 2 of article 6 of the constitution, which expressly limits the original jurisdiction of the Supreme Court to cases relating to the revenue, *mandamus* and *habeas corpus.*

2. SAME—*industrial board's decision may be reviewed by circuit court by certiorari.* Circuit courts of Illinois have power, by *certiorari,* to review the decision of the industrial board in cases coming under the Workmen's Compensation act of 1913, to the extent of determining whether such board has acted within its powers or has proceeded illegally.

3. CERTIORARI—*effect of the amendment of the Practice act in 1909, concerning certiorari.* The amendment of the Practice act in 1909, concerning the issuing of a writ of *certiorari* by the Supreme Court to the Appellate Court, did not attempt to confer original jurisdiction on the Supreme Court in *certiorari* cases but only changed the method by which the Supreme Court shall exercise an appellate jurisdiction which has been conferred upon it.

4. SAME—*Supreme Court can issue writ of certiorari only in aid of its appellate jurisdiction.* The Supreme Court, under the constitution, can issue a writ of *certiorari* only as auxiliary to, in aid of or to protect its appellate jurisdiction, and if no appellate jurisdiction has been conferred upon it by law in a particular class of cases it is without power to issue the writ. (*People* v. *Superior Court,* 234 Ill. 186, adhered to.)

WRIT OF CERTIORARI to review decision of the Industrial Board of Illinois.

MILLER, GORHAM & WALES, for petitioner.

FARRELL & WELD, (HAROLD A. WELD, of counsel,) for respondent.

Mr. JUSTICE FARMER delivered the opinion of the court :

This case comes to this court for review upon a writ of *certiorari* under the Workmen's Compensation act of 1913. (Laws of 1913, p. 335.)   George .B. Courter, a carpenter, was employed by and began work for the Simpson Construction Company on July 22, 1913, on a building in the course of construction at No. 3921 Michigan avenue, in the city of Chicago.  On July 23 he was injured .by stepping on a rusty nail and died from lock-jaw resulting from the injury July 30.   Courter left surviving him a wife, from whom he was divorced, and a son seventeen or eighteen years old.   They filed a statement of the accident to and the death of George B. Courter with the Industrial Board of Illinois and requested such action be taken as the law authorized.   The widow and the Simpson Construction Company were each notified by the board to appoint a representative on a committee of arbitration within seven days, which they did, and the persons so appointed, together with a person designated by the board, heard the case as a committee of arbitration.   Said committee of arbitration decided the widow, as guardian of the minor son, was entitled to recover of the company $8.41 per week for a period of two hundred and eight weeks from July 23, 1913.   The decision was filed with the industrial board, and upon notice of its having been filed being given, the applicant, Amanda E. Courter, guardian, filed a petition for review.   Thereafter, proper notice having been given, the matter was heard by the industrial board and a decision rendered and filed,

finding that $8.41 per week was one-half of the amount of the weekly wages of George B. Courter while employed by the Simpson Construction Company; that the widow was the guardian of the person of the surviving son, and was entitled to receive from said Simpson Construction Company $8.41 per week for a period of four hundred and sixteen weeks from July 23, 1913; that the guardian was entitled to receive the money until the ward became of age, after which he was entitled to receive it. To review the decision of the industrial board the Simpson Construction Company sued out a writ of *certiorari* under the provisions of the Workmen's Compensation act of 1913.

The Workmen's Compensation act provides for the payment by employers who elect to accept the provisions of the act, of compensation for accidental injuries to employees arising out of and in the course of their employment, such compensation to relieve the employer from liability for the recovery of damages except such as provided in the act. Section 7 fixes the maximum compensation for an injury resulting in the death of an employee leaving a widow, child or children whom he was under legal obligation to support at the time of his injury, at $3500. By section 13 a board is created of three members, to be appointed by the Governor, known as an industrial board, which is given jurisdiction over the operation and administration of the act, and all questions arising under said act, if not settled by agreement of the parties interested, shall, except as otherwise provided therein, be determined by the industrial board. The act makes it the duty of said board, upon notice that the parties have failed to agree, to notify the parties to each appoint a representative on a committee of arbitration. The board shall designate one of its members, or an agent appointed by it, to act as chairman. The committee of arbitration shall hear and decide the controversy and file its decision with the industrial board, which board is required to immediately send each party a copy of the

decision, together with notice of the time when it was filed. A petition for review may be filed by either of the parties with the industrial board within fifteen days after receipt of a copy of the decision and notice when it was filed, unless further time is given by the board, and the party petitioning for review is required, within twenty days from the filing of the decision, to file with the board either an agreed statement of the facts appearing upon the hearing before the committee of arbitration or a correct stenographic report of the proceedings at such hearing. When, on a petition for review, an agreed statement of facts or correct stenographic report is filed with the industrial board, said board shall review the decision of the committee of arbitration. Said board is required to announce and file in its office the decision and immediately send each party a copy of it, together with notice of the time when it was filed. Clause (*f*) of section 19 of the act reads as follows: "The decision of the industrial board, acting within its powers, according to the provisions of paragraph (*e*) of this section, and of the committee of arbitration, where no review is had and its decision becomes the decision of the industrial board in accordance with the provisions of this section, shall, in the absence of fraud, be conclusive, but the Supreme Court shall have power to review questions of law involved in any such decision: *Provided,* that application is made by the aggrieved party within thirty days after notice given to him of such decision or within thirty days after the expiration of the time allowed for filing the agreed statement of facts or stenographic report with said board, by *certiorari, mandamus* or by any other method permissible under the rules and practices of said court or the laws of this State." It is under this clause of the statute the writ of *certiorari* was issued.

The sole grounds upon which the writ is sought to be sustained are, that there was no evidence to support the findings of the industrial board that Courter came to his

death as the result of an accidental injury which arose out of and in the course of his employment, and that the award was excessive.

The guardian of the ward, in whose favor the award was made, challenges the constitutionality of the provision of the act authorizing the Supreme Court to issue a writ of *certiorari* for the review of the decision of the industrial board. The basis of this contention is that the statute purports to confer original jurisdiction upon this court to issue a writ of *certiorari* in violation of section 2 of article 6 of the constitution, which expressly limits the original jurisdiction of this court to cases relating to the revenue, *mandamus* and *habeas corpus.* We are of opinion that this objection to the validity of that part of the act which authorizes this court to issue a *certiorari* to review the decisions of the industrial board must be sustained. We might well limit this decision to a determination of that question, alone, but for reasons so obvious as not to require specification, it is of great public importance that questions of procedure under the act shall be settled and understood as early as possible, and we think we may without impropriety express our views not only upon the specific question raised but also upon questions of procedure which, though not primarily necessary to a determination of the specific question, are so nearly related to and connected with it that they may be passed upon in this connection. If we were to decide merely that the provision of the act authorizing a review of the decisions of the board by writ of *certiorari* issued out of this court is invalid, it might involve other provisions, or possibly the whole act, in uncertainty, because it would then contain no express provision for a court review of the decisions of the board.

As many as twenty-two States of the Union have adopted workmen's compensation acts. The basic principles of all of them are the same but they are by no means similar in the methods provided for administering the act. In

most of the States the act makes some provision for a court review of the decisions of the board, though their provisions in this respect are very dissimilar, and in a few States no express provision is made for a court review of the action of the board.

The only original jurisdiction this court has is conferred by section 2 of article 6 of the constitution, which gives it original jurisdiction "in cases relating to the revenue, in *mandamus* and *habeas corpus,* and appellate jurisdiction in all other cases." It is clear the legislature could not confer original jurisdiction upon this court in any case. (*Canby* v. *Hartzell,* 167 Ill. 628.) The provision of section 2 of article 6 that the Supreme Court should have "appellate jurisdiction in all other cases" did not vest in this court jurisdiction in all cases other than those of which it had original jurisdiction. In *Chicago and Alton Railroad Co.* v. *Fisher,* 141 Ill. 614, this question was fully considered and treated by this court, where the conclusion arrived at was summed up in the following language: "In our opinion it was not the intention of the constitution to confer upon this court jurisdiction, absolutely, 'in all other cases,' but its intention was that in all cases other than those in which this court was given original jurisdiction, its jurisdiction, whether derived immediately from the constitution itself or derived from an act of the legislature, and wholly regardless of the fact whether such jurisdiction was in a few or many or all other cases, should be an appellate jurisdiction, only." (See, also, *Drainage Comrs.* v. *Harms,* 238 Ill. 414.) The constitution itself confers appellate jurisdiction upon this court in only four classes of cases. (Art. 6, sec. 11.)

In *People* v. *Superior Court,* 234 Ill. 186, we held this court had no original jurisdiction in *certiorari* and no authority to issue the writ except "as auxiliary to or ancillary to, or in aid of or to protect, our appellate jurisdiction." The writ authorized by the statute now under consideration

is for none of these purposes, as appellate jurisdiction has never been conferred upon this court in cases of this character. Paragraph (*g*) of section 19 authorizes either party, where no proceedings are had for a review of the decision of the board, to present a certified copy of the decision to the circuit court of the county where the accident occurred, and thereupon such court shall render a judgment in accordance therewith. The circuit court rendering the judgment is given power at any time, upon application for that purpose, to make the judgment conform "to any modification required by any subsequent decision of the Supreme Court upon appeal, or as the result of any subsequent proceedings for review as provided in this act," but no provision is made for the review of the judgment of the circuit court, by appeal or otherwise, by the Supreme Court. The only express provision made by the act for a review of the decisions of the industrial board is paragraph (*f*) of section 19. That paragraph purports to authorize the Supreme Court to review questions of law involved in the decisions of the board "by *certiorari, mandamus* or by any other method permissible under the rules and practices of said court or the laws of this State." As the writ of *certiorari* is not issued in aid of or to protect our appellate jurisdiction, and as this court has no original jurisdiction in *certiorari*, and as jurisdiction in such cases cannot be conferred by an act of the legislature, the provision of the act authorizing the review of the decisions of the industrial board upon a writ of *certiorari* issued by this court for that purpose is invalid.

We might rest our decision here were it not for the importance of an early determination whether the parties to an award under the act may have a review of the decisions of the board upon any question by a court. It seems clear the legislature would have no power to deprive the parties of the right to have a court review the action of the board to the extent of determining whether the board had acted

illegally or without jurisdiction. To deny a court review of those questions would violate the due process of law provision of the constitution. Where the parties voluntarily elect to come within and be governed by the provisions of the act it may well be they waive any constitutional right to trial by jury, and the action of the board, "within its powers, * * * in the absence of fraud, be conclusive." The industrial board has no jurisdiction to apply the act to persons or corporations who are not subject to its provisions nor to an accident not within the provisions of the act. If it did so it would not be "acting within its powers," and it would seem essential that there must be some remedy for a review by some proper court of the question whether the board acted within its powers. No valid provision having been made in the act for such review, it does not follow that none can be had. We have no doubt the circuit courts have jurisdiction to issue the common law writ of *certiorari* to review the decisions of the board for the purpose of determining whether it had jurisdiction or whether it had exceeded its powers and acted illegally. (*People* v. *Wilkinson,* 13 Ill. 660; *Doolittle* v. *Galena and Chicago Union Railroad Co.* 14 id. 381; *Miller* v. *Trustees of Schools,* 88 id. 26; *Hyslop* v. *Finch,* 99 id. 171; *Lees* v. *Drainage Comrs.* 125 id. 47; *Glennon* v. *Britton,* 155 id. 232.) It may also be that when application is made to the circuit court to have judgment entered on the award that court would have power to inquire whether the board acted within its powers, but whether it would or not, this question may be reviewed by the circuit courts by the common law writ of *certiorari.*

Legislation of this character is of recent development. The provisions of the acts of the States having adopted such legislation upon the questions here under consideration are very dissimilar and we have been unable to find much help from adjudicated cases in other jurisdictions. The case most in point is a Wisconsin case. The Wisconsin

act is in many respects similar to the Illinois act, but the method for review of the decisions of the board is not the same. The constitutionality of the Wisconsin act was passed upon and sustained by the Supreme Court of that State in *Borgnis* v. *Falk Co.* 147 Wis. 327; 3 Neg. & Comp. Cas. 649. The Wisconsin act provides that the finding of facts made by the board, "acting within its powers," shall, in the absence of fraud, be conclusive and shall only be reviewed in the manner therein provided, which, in brief, is by the party aggrieved commencing an action for that purpose in the circuit court of Dane county within twenty days from the date of the award. Said court was given power, on the hearing, to confirm or set aside the award, but it was only authorized to set it aside where the board had acted without or in excess of its power, where the award was procured by fraud, and where the findings of fact by the board did not support the award. Appeals from judgments were allowed to the Supreme Court in the manner provided for appeals in other cases from judgments of the circuit courts. The court passed upon the objections that the act vested judicial power in a body which was not a court and that it violated the constitutional guaranty of due process of law, and held the board (or industrial commission, as it is called in the Wisconsin act,) was not a court; that it was an administrative body or arm of the government, empowered, in the administration of the law, to ascertain some facts and apply the existing law thereto, in doing which it acted *quasi*-judicially but was not vested with judicial power in a constitutional sense. It was further held that the decisions of such a board may lawfully be made conclusive when it is acting within its jurisdiction; that the board could not conclusively determine its own jurisdiction, but that question is open for review by the courts, and if the law provides no appeal from the decisions of the board, the questions whether it had acted within or

had exceeded its jurisdiction are open to examination by and decision of the proper court by writ of *certiorari*.

The Simpson Construction Company contends that the decision in *People* v. *Superior Court, supra,* that this court can only issue a writ of *certiorari* as auxiliary to or in aid of, or to protect, its appellate jurisdiction is no longer the law since the amendment of 1909 to the Practice act, authorizing a review of decisions of the Appellate Court by writ of *certiorari* issued out of this court. Previous to the amendment of 1909 appellate jurisdiction to review judgments of the Appellate Court had been provided for by legislative enactment. In fact, provision for such review by this court was made by the legislature upon the establishment of the Appellate Court, and that jurisdiction has been exercised continuously since that time. The amendment of 1909 did not take from the Supreme Court its jurisdiction to review judgments of the Appellate Court, but changed the method of review by appeals and writs of error to writs of *certiorari*. No new jurisdiction was conferred upon the court, but the method of exercising its appellate jurisdiction, in cases where such jurisdiction had been conferred by law, was changed. The 1909 amendment was merely a change in practice, providing for the writ of *certiorari* in aid of or as the means by which this court's appellate jurisdiction should be exercised. The act provided that in cases brought to this court by writ of *certiorari* the court shall have the same power and authority to review the case, and with like effect, as if it had been carried up by appeal or writ of error. In the case now before us appellate jurisdiction is not given this court, or any other court, to review the decisions of the industrial board, and it can only be reviewed by a court having jurisdiction to issue the common law writ of *certiorari*, and in this State only circuit courts have such jurisdiction.

Our conclusion is that this court has no jurisdiction to entertain this case, and the writ is therefore dismissed.

*Writ dismissed.*